J-S34024-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH ROBERT DULANEY | : | |
| | : | |
| Appellant | : | No. 1665 WDA 2018 |

Appeal from the PCRA Order Entered November 2, 2018
In the Court of Common Pleas of Greene County Criminal Division at
No(s): CP-30-CR-0000319-2007

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY McLAUGHLIN, J.:                FILED DECEMBER 10, 2019

Kenneth Robert Dulaney appeals from the November 2, 2018 order denying his Post Conviction Relief Act ("PCRA") petition as untimely.[1] We affirm.

Dulaney was charged with numerous crimes for illegal sexual contact with his stepdaughter, including rape, involuntary deviate sexual intercourse, and statutory sexual assault. After entering a negotiated guilty plea, Dulaney withdrew his guilty plea and went to trial. A jury found Dulaney guilty in September 2009 and the court sentenced him to a total of 12 to 25 years in prison. He appealed the judgment of sentence and this Court affirmed in August 2011.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

After the failure of his first PCRA petition, Dulaney filed the instant, pro se petition on September 26, 2018, more than seven years after his judgment of sentence became final. Although he styled it as an "Amended Petition For Post-Conviction Relief Act Pursuant to 42 Pa.C.S. 9542, and 42 Pa.C.S. 9545(b)," it was in fact the first filing of this petition. The PCRA court dismissed the petition as untimely and this timely appeal followed.[2]

Dulaney raises the following issues, which we reproduce verbatim (with capitalization regularized):

I.    Whether the PCRA court erred by not reinstating the Appellant's direct appeal rights due to counsel on direct appeal waiving the main issues on direct appeal which were (a) sufficiency of the evidence: (B) Pa. Rules of Evidence 802(3), and 802(4); and (C) whether the trial court erred in not admitting the S.A.N.E. hospital report's inculpatory statement at trial prior to the Commonwealth proving the corpus delecti [sic] for each crime charged?

II.    18 Pa.C.S.A. § 3121(c) / 3123(a)(7) / 3123(a)(6) / 3122.1 / 3125(a)(7) /3125(a)(8) / 3126(a)(7) / 6301(a)(1) / 3126(a)(8). Whether the trial court erred of proving the corpus delecti [sic] rule for each crime charged above?, [sic] before ruling the records were properly authenticated, at Washington Hospital records/reports was known to the Commonwealth, the report was undertaken as an examination upon referral from CYS and the police, and the

_____

[2] We note Dulaney filed yet another PCRA petition, just days prior to his initiation of the instant timely appeal. In its Rule 1925(a) opinion, the trial court aptly explains that the court lacked jurisdiction to rule on Dulaney's third PCRA petition due to the pendency of the instant appeal. See Commonwealth v. Beatty, 207 A.3d 957, 961 (Pa.Super. 2000)("Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal").

content of the report showed a "normal" examination and was not "inadmissible" as opinion?

III. Should a privately retained counsel have filed a "no-merit" letter without ever communicating with the Appellant, since it was his job to do before he withdrawal, and especially where a meritorious issue was clearly present after direct appeal to Superior Court was dismissed due to direct appeal counsel's failure to protect an appeal?; (b) Did the trial court err by dismissing the Post-Conviction Relief Act petition pursuant to counsel's "no-merit" letter that failure to comport with appellate standards governing withdrawal of counsel's representation in post–direct appeal proceedings?; (c) Did the court's erroneous notification to Appellant that appeal's counsel had withdrawn amounted to government interference?

Dulaney's Br. at 3.

We do not reach the merits of Dulaney's appeal because we agree with the lower court that Dulaney's petition was untimely. If the petition is untimely and the petitioner has not pled nor proven a timeliness exception, "the petition must be dismissed because Pennsylvania courts are without jurisdiction to consider the merits of the petition." See Commonwealth v. Jackson, 30 A.3d 516, 519 (Pa.Super. 2011). A PCRA petitioner must file the petition within one year of the judgment becoming final unless an exception to the one-year rule applies. 42 Pa.C.S.A. § 9545(b)(1).

Dulaney filed the instant petition approximately seven years after the one-year time bar expired, rendering this petition patently untimely. Thus, Dulaney bore the burden of pleading and proving at least one of the time-bar exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation

of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii).

It is difficult to discern the argument Dulaney intends to make regarding the timeliness of his PCRA petition. His appellate brief argues on the one hand that "the court's erroneous notification to appellant that appeal's counsel had withdrawn amounted to governmental interference[.]" Dulaney's Br. at 16. On the other hand, the brief contradictorily maintains that he "never heard from his attorney nor the lower courts 'no notice' 'no notification' . . . that his appeal's [sic] counsel had withdrawn from his case." Id. It appears that what he may mean to say is that counsel abandoned him. In his PCRA petition, he maintained that he was entitled to relief due to "counsel on direct appeal by quiting [sic] on his case (abandonment) without leaving his client know about leaving his case." Amended PCRA Petition at 4 (unpaginated).

Regardless, he has waived the governmental interference exception because he did not plead it or any other exception in the instant PCRA petition. Furthermore, his claims in his petition that his counsel was ineffective do not amount governmental interference. Defense counsel is not considered a

government official for purposes of the governmental interference exception. 42 Pa.C.S.A. § 9545(b)(4); see also Commonwealth v. Abu-Jamal, 833 A.2d 719, 725 (Pa. 2003). Nor do such claims suffice to prove the "newly-discovered facts" exception. See Commonwealth v. Gamboa-Taylor, 753 A.2d 780, 785 (Pa. 2000). Accordingly, we conclude that the PCRA court did not err in concluding Dulaney filed an untimely PCRA petition and failed to establish any exception to the time bar.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2019