J-S24018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAQUAM SMITH | |
| Appellant | No. 440 EDA 2019 |

Appeal from the PCRA Order entered January 30, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0005466-2013

BEFORE:  BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY STABILE, J.:                    Filed: August 25, 2020

Appellant, Laquam Smith, appeals from the January 30, 2019 order entered in the Court of Common Pleas of Philadelphia County, denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant asserts PCRA court error for denying his request to reinstate his appeal rights and for rejecting a claim of trial counsel ineffectiveness.  Upon review, we affirm.

On direct appeal, this Court condensed the underlying facts set forth in the trial court's opinion as follows:

> On February 21, 2012, a white Chrysler 300 followed a red Mitsubishi Montero owned by the [d]ecedent, Julio Cesar Hernandez (Hernandez), southbound into the shared driveway behind Hernandez's home, located at 3900 Palmetto Street . . . . Two surveillance cameras affixed to the rear of 3910 Palmetto Street showed the two (2) vehicles enter the driveway, and

---

[*] Retired Senior Judge assigned to the Superior Court.

captured the Chrysler parking along the rear of 3910 at 11:19 A.M. At 11:24 A.M., [] Ladale Pace (Pace) . . . dressed in a dark hoodie, dark jeans and black shoes entered the rear of the Chrysler on the driver's side, remained for approximately [thirty] seconds, then exited the Chrysler . . . .

[] Pace used Hernandez's keys to enter Hernandez's home, where he went upstairs to Hernandez's bedroom, and searched the drawers of Hernandez's dresser. Juanna Perez (Perez)[,] the wife of Hernandez, . . . went to the living room . . . . [where she] noticed a male[, Appellant,] standing outside of the door with his hands in his pockets. Perez began calling for her husband and saw [] Pace on the stairs holding a gun. Pace ran out of the house and turned left, and the male who was outside ran away to the right.

* * *

Jorge Gonzalez (Gonzalez), who lived on I Street, was going to his van in the same shared driveway when he heard gunshots. Gonzalez was [ninety] feet[fn] away when he saw Appellant who was wearing a gray hoodie with the hood partially covering his hair approach Hernandez. Hernandez was on the ground when Gonzalez witnessed Appellant shoot Hernandez in the back of the head. Appellant then entered the front passenger side of the Chrysler and the car drove south. . . .

* * *

At 11:29 A.M., two (2) security cameras affixed to the rear of J.J.'s Café, located at 1065 East Erie Avenue, showed the Chrysler enter the shared driveway between Elsinore Street and J Street and pull into a side street out of camera view. Appellant and the unidentified driver subsequently walked into camera view, and walked toward J Street. . . .

* * *

Detective Gregory Singleton [] obtained a picture of Appellant, and prepared a photo array for Gonzalez using a computer to generate the other seven (7) images of individuals with similar features. In the photograph of Appellant he had longer hair than the other males in the photo array. Gonzalez identified Appellant out of a photo array by circling Appellant's picture and signing

underneath. . . . Appellant was ultimately arrested on April 11, 2012. . . .

> [fn] In his brief, Appellant alleges that Gonzalez was ninety yards away. (***See*** Appellant's Brief, at 20). At the suppression hearing, defense counsel argued that Gonzalez was thirty-three yards away. (***See*** N.T. Suppression and Trial, 7/08/14, at 58). During its charge to the jury, the trial court stated that "Mr. Gonzale[z] was [ninety] yards away." (N.T. Trial, 7/16/14, at 44).

***Commonwealth v. Smith***, No 3578 EDA 2014, unpublished memorandum at 3-6 (Pa. Super. filed June 14, 2016) ("***Smith I***") (quoting Trial Court Opinion, 6/12/15, at 3-6) (alterations in original).

As the PCRA court explained:

On July 7, 2014 both Appellant and co-defendant Pace proceed[ed] to a jury trial before the Honorable Lillian Ransom. On the second day of trial, Judge Ransom denied Appellant's motion to suppress the identification of Appellant by Jorge Gonzalez from a photo array and on July 17, 2014, the jury returned a verdict of guilty of [first-degree murder, robbery, burglary, firearms not to be carried without a license, carrying a firearm on public streets, and three counts of conspiracy].

Following the denial of post-sentence motions, Appellant filed a timely Notice of Appeal to the Superior Court which affirmed Appellant's judgment of sentence on June 14, 2016 at 3578 EDA 2014.

PCRA Court Opinion, 9/19/19, at 4. Appellant subsequently filed a *pro se* PCRA petition, followed by an amended petition. Counsel was appointed and filed a counseled amended petition. On June 13, 2018, the Commonwealth filed a motion to dismiss. On December 26, 2018, the PCRA court issued a Rule 907 notice of intention to dismiss. Appellant did not file a response. "After an independent review of the record and the pleadings of both parties," the PCRA court dismissed Appellant's amended petition by order entered on

January 30, 2019. *Id.* at 4-5 (some capitalization omitted). This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents two issues for this Court's consideration:

1. Whether the PCRA court erred when it dismissed the Appellant's PCRA petition after making an independent inspection of the Appellant's photo array and concluding that the trial court properly denied the Appellant's pre-trial suppression motion where the propriety of the denial of the motion had been raised on direct appeal and where the Superior Court ruled that appellate counsel had waived the challenge because counsel did not ensure that the photo array was made a part of the appellate court record?

2. Whether the PCRA court erred when it dismissed the Appellant's PCRA petition where trial counsel was ineffective for failing to move for a mistrial when five days into the trial it was revealed for the first time that the petitioner's fingerprint was found on the getaway vehicle belonging to the co-defendant Ladale Pace?

Appellant's Brief at 6 (some capitalization omitted).

As this Court reiterated in *Commonwealth v. Beatty*, 207 A.3d 957 (Pa. Super. 2019):

> Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa. Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa. Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We do not give the same deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa. Super. 2012).

*Id.* at 960-61.[1]

To obtain relief on a claim of ineffective assistance of counsel, Appellant must prove that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his actions or failure to act; and (3) the petitioner was prejudiced by counsel's deficient performance such that there is a reasonable probability that the result of the proceeding would have been different absent counsel's error or omission. *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009) (citation omitted). Counsel is presumed to have rendered effective assistance. *Commonwealth v. Sepulveda*, 55 A.3d 1108, 1117 (Pa. 2012).

Appellant's first issue relates to a photo array shown to witness Gonzalez. On direct appeal, Appellant asserted trial court error for denying his motion to suppress Gonzales' identification of Appellant because the array was unduly suggestive. Specifically, Appellant complained that his hair was longer than the hair of the individuals portrayed in the other photographs. This Court disagreed, noting first that Appellant failed to include a copy of the

---

[1] We remind counsel that Pa.R.A.P. 2111(a)(3) requires the inclusion of a statement of the scope and standard of review in an appellant's brief. We also remind counsel that Pa.R.A.P. 2119(a) requires that the argument section of the brief is to be divided into as many parts as there are questions to be argued.

photo array in the certified record. Because Appellant failed to include a copy of the array in the record, the issue challenging suppression was waived. **Smith I** at 6 (citing, *inter alia*, **Commonwealth v. Manley**, 985 A.2d 256, 263-64 (Pa. Super. 2009), *appeal denied*, 996 A.2d 491 (Pa. 2010)).

This Court then considered the merits of Appellant's claim and determined that the issue would not warrant relief, even if not waived. The Court observed that the suppression court viewed the photo array and, while acknowledging Appellant's hair was longer than that of the other individuals in the array, concluded "the procedure in the instant case did not rise to the level of being unduly suggestive or create a substantial likelihood of misidentification." **Id.** at 7 (quoting Trial Court Opinion, 6/12/15, at 9).

Appellant argues the PCRA court erred when it made its own inspection of the photo array and found the trial court properly denied the suppression request. He argues the only issue before the PCRA court was whether appellate counsel was ineffective for failing to provide evidence to preserve the suppression issue for review by this Court on direct appeal.

As the PCRA court recognized:

Appellant ignores the fact that after finding this claim to be waived, the Superior Court went on to address the merits of his claim and determined that it would, "merit no relief." Specifically the Superior Court panel found, "[a]ccordingly, we conclude that the trial court did not err in admitting the out-of-court identification because the identification procedure was not so impermissibly suggestive to give rise to a likelihood of misidentification."

PCRA Court Opinion, 9/19/19, at 6-7 (quoting **Smith I** at 6, 7).

- 6 -

The PCRA court determined that in light of this Court's holding in *Smith I*, the instant case is controlled by *Commonwealth v. Reed*, 971 A.2d 1216 (Pa. 2009). In *Reed*, appellate counsel did not adequately develop a claim and failed to include notes of testimony in the certified record. On direct appeal, this Court found that, even if not waived, Reed's claim would fail because the challenged evidence was properly admitted.

Reed filed a PCRA petition seeking reinstatement of his appellate rights. The PCRA court dismissed the petition and this Court reversed, finding Reed's claim was not previously litigated because it had been waived. The Supreme Court reversed, finding this Court's determination on direct appeal that the issue lacked merit was binding on both the PCRA court and this Court as the law of the case. *Reed*, 971 A.2d at 1220.

We find no error in the PCRA court's conclusion that this Court's ruling in *Smith I*, finding the photo array issue lacked merit, was binding on the PCRA court as the law of the case. Because the PCRA court properly denied Appellant's request for relief with respect to the photo array, Appellant's first issue fails.

In his second issue, Appellant argues that trial counsel was ineffective for failing to request a mistrial after the prosecutor discovered a mistake involving fingerprint evidence. Essentially, until the fifth day of trial, it was believed by the prosecution and the defense that both fingerprints identified as Appellant's were lifted from the victim's vehicle. "[O]n the fifth day of trial,

the prosecutor realized for the first time that Appellant's fingerprint had been found on the getaway vehicle which was registered to co-defendant Ladale Pace." PCRA Court Opinion, 9/19/19, at 8.[2] In other words, until the fifth day of trial, no fingerprint evidence was presented to the jury that connected Appellant with Pace's Chrysler, the getaway vehicle.

The prosecution requested the opportunity to recall the fingerprint witness to clarify that Appellant's fingerprint was, in fact, on the passenger side mirror of the getaway vehicle. Appellant's counsel objected, noting he represented to the jury in his opening that there was no evidence linking Appellant to that vehicle. He claimed his theory of the case would have been different had he known of the print linking Appellant to the Chrysler. *See* Notes of Testimony, Trial, 7/14/14, at 12-24. In light of the error, the trial court precluded the prosecution from recalling the witness and from using the evidence. *Id.* at 21.

Based on a review of the record, the PCRA court concluded that in light of the trial court's ruling, Appellant could not prove he was prejudiced by counsel's failure to move for a mistrial. PCRA Court Opinion, 9/19/19, at 8 (citing *Commonwealth v. Garvin*, 485 A.2d 36, 39 (Pa. Super. 1984) (no relief due where counsel's alleged error had no effect on the outcome)).

---

[2] The second fingerprint was found on a cell phone used by Appellant that was recovered from the victim's Mitsubishi.

In his brief, Appellant argues that he was prejudiced and suggests two ways the outcome of the case could have been different. He claims he "rejected a pre-trial offer without the aid of having complete and accurate information about the evidence against him." Appellant's Brief at 17. He also contends the outcome was affected because, having failed to seek a mistrial, counsel had to improvise a defense strategy mid-trial once it was discovered Appellant's fingerprint was, in fact, lifted from Pace's Chrysler. *Id.* We find no merit in either scenario.

Appellant intimates he might have accepted a pre-trial offer if he had complete and accurate information about the fingerprint evidence. However, Appellant fails to acknowledge that the Commonwealth was similarly under a misimpression about the fingerprint evidence, bringing into question whether the Commonwealth would have extended the offer if it were in possession of accurate information about the evidence. Moreover, Appellant's suggestion the outcome might have been different because counsel had to improvise a defense strategy does not pass muster. To the extent the defense strategy was based on the lack of any evidence connecting Appellant with the Chrysler, there was no need to improvise a new strategy because the trial court's ruling precluded the prosecution from attributing fingerprints from the Chrysler to Appellant.

Moreover, as the PCRA court observed:

Further, having successfully precluded this evidence, trial counsel possessed a reasonable basis for not requesting a mistrial since

the evidence would likely have been admitted at retrial since counsel would no longer have been able to claim surprise. Since this reasonable basis existed for trial counsel's actions, Appellant's claims must fail.

PCRA Court Opinion, 9/19/19, at 9 (citing **Commonwealth v. Douglas**, 645 A.2d 226, 231 (Pa. 1994), in turn citing **Commonwealth v. Pierce**, 527 A.2d at 975 (having determined that a reasonable basis exists for the alleged omission, the court's inquiry ceases and trial counsel is deemed effective)). We agree. Not only has Appellant failed to establish that he was prejudiced by counsel's omission, but also there was a reasonable basis for counsel's actions. Appellant is not entitled to relief on his ineffectiveness claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/20