2019 PA Super 107

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PAUL WILLIAM BEATTY | : | |
| | : | |
| Appellant | : | No. 178 WDA 2018 |

Appeal from the PCRA Order December 28, 2017
In the Court of Common Pleas of Venango County
Criminal Division at No(s):  CP-61-CR-0000666-2010

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

OPINION BY GANTMAN, P.J.:                    FILED APRIL 08, 2019

Appellant, Paul William Beatty, appeals from the order entered in the Venango County Court of Common Pleas, which denied his second petition filed under the Post Conviction Relief Act ("PCRA").[1]  For the following reasons, we hold the court had no jurisdiction to address Appellant's petition on the merits.  Accordingly, we affirm but on other grounds.

The relevant facts and procedural history of this case are as follows.  In 2005, Appellant raped Victim, who was at the time the minor daughter of his girlfriend.  In 2009, Victim told her legal guardian, S.H., about the rape.  S.H. took Victim to a therapist who, as a mandated reporter, informed the police of the abuse.  On August 16, 2011, a jury convicted Appellant of one count

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

each of rape of a child, indecent assault, endangering the welfare of children, and corruption of minors. The court sentenced Appellant on January 5, 2012, to an aggregate term of one hundred eighty (180) to three hundred sixty (360) months' incarceration. This Court affirmed the judgment of sentence on October 28, 2013. See Commonwealth v. Beatty, 87 A.3d 895 (Pa.Super. 2013) (unpublished memorandum). Appellant did not seek further review.

On January 22, 2014, Appellant timely filed pro se his first PCRA petition, and the court appointed counsel, who filed a Turner/Finley[2] letter and a motion to withdraw as counsel on February 27, 2014. On June 30, 2014, the court granted counsel's motion to withdraw and issued notice of its intent to dismiss the PCRA petition without a hearing, per Pa.R.Crim.P. 907. Appellant filed a premature pro se notice of appeal on July 21, 2014. On July 23, 2014, the court dismissed Appellant's first PCRA petition. Appellant pursued his appeal from the denial of his first PCRA petition.

Meanwhile, on September 8, 2014, Appellant filed a second PCRA petition, although the order denying his first petition was still on appeal. The PCRA court held Appellant's second petition in abeyance pending resolution of the appeal. This Court affirmed the denial of Appellant's first PCRA petition on December 1, 2015, and our Supreme Court denied allowance of appeal on

---

[2] Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (1988); Commonwealth v. Finley, 550 A.2d 213 (1988).

May 3, 2016. See Commonwealth v. Beatty, 135 A.3d 648 (Pa.Super. 2015) (unpublished memorandum), appeal denied, 635 Pa. 768, 138 A.3d 1 (2016).

On July 14, 2016, Appellant filed a motion to "reinstate" his second PCRA petition, which the court had held in abeyance awaiting the outcome of the prior appeal. The court "reinstated" Appellant's second petition on July 22, 2016. After an initial evidentiary hearing on January 31, 2017, Appellant filed two amended PCRA petitions, adding new claims. The court then held two supplemental evidentiary hearings on June 8 and 23, 2017. On December 28, 2017, the court denied Appellant's second PCRA petition on the merits. Appellant filed a timely notice of appeal on January 22, 2018. On January 31, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b); Appellant timely complied.

Appellant raises the following issues for our review:

> WHETHER THE PCRA COURT ERRED AS A MATTER OF LAW OR ABUSED ITS DISCRETION WHEN THE PCRA COURT WOULD NOT PERMIT [APPELLANT] TO PRESENT EVIDENCE ON HIS SECOND PCRA PETITION, SPECIFICALLY THE COURT DENIED [APPELLANT THE OPPORTUNITY] TO ESTABLISH EVIDENCE REGARDING THE DISTRICT ATTORNEY BRIBING...VICTIM FOR HER TESTIMONY[?]

> WHETHER THE PCRA COURT ERRED AS A MATTER OF LAW OR ABUSED ITS DISCRETION WHEN THE PCRA COURT WOULD NOT PERMIT [APPELLANT] TO PRESENT EVIDENCE ON HIS SECOND PCRA PETITION, SPECIFICALLY...TO ESTABLISH EVIDENCE REGARDING THE DISTRICT ATTORNEY KNOWING AT THE TIME OF TRIAL THAT...VICTIM HAD A DIAGNOSIS OF BEING INCAPABLE OF KNOWING THE DIFFERENCE BETWEEN TRUTH AND FANTASY[?]

WHETHER THE PCRA COURT ERRED AS A MATTER OF LAW OR ABUSED ITS DISCRETION WHEN THE PCRA COURT DETERMINED THAT...VICTIM'S RECANTATION OF THE CRIME WAS NOT CREDIBLE TO GRANT A NEW TRIAL[?]

(Appellant's Brief at 5).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. Commonwealth v. Conway, 14 A.3d 101 (Pa.Super. 2011), appeal denied, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. Commonwealth v. Boyd, 923 A.2d 513 (Pa.Super. 2007), appeal denied, 593 Pa. 754, 932 A.2d 74 (2007). We do not give the same deference, however, to the court's legal conclusions. Commonwealth v. Ford, 44 A.3d 1190 (Pa.Super. 2012). Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. Commonwealth v. Abu-Jamal, 553 Pa. 485, 720 A.2d 79 (1998), cert. denied, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999). "A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." Commonwealth v. Johnson, 600 Pa. 329, 356-357, 966 A.2d 523, 539 (2009).

Preliminarily, Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the

denial of the petitioner's prior PCRA petition in the same case is still pending on appeal. Commonwealth v. Lark, 560 Pa. 487, 493, 746 A.2d 585, 588 (2000). See also Commonwealth v. Montgomery, 181 A.3d 359, 364 (Pa.Super. 2018) (en banc), appeal denied, ___ Pa. ___, 190 A.3d 1134 (2018) (reaffirming that Lark precludes consideration of subsequent PCRA petition while appeal of prior PCRA petition is still pending). A petitioner must choose either to appeal from the order denying his prior PCRA petition or to file a new PCRA petition; the petitioner cannot do both, i.e., file an appeal and also file a PCRA petition, because "prevailing law requires that the subsequent petition must give way to a pending appeal from the order denying a prior petition." Commonwealth v. Zeigler, 148 A.3d 849, 852 (Pa.Super. 2016). In other words, a petitioner who files an appeal from an order denying his prior PCRA petition must withdraw the appeal before he can pursue a subsequent PCRA petition. Id. If the petitioner pursues the pending appeal, then the PCRA court is required under Lark to dismiss any subsequent PCRA petitions filed while that appeal is pending. Lark, supra.

Pennsylvania law also states unequivocally that no court has jurisdiction to place serial petitions in repose pending the outcome of an appeal in the same case. Id. See also Commonwealth v. Porter, 613 Pa. 510, 523, 35 A.3d 4, 12 (2012) (stating that holding serial petitions in abeyance pending appeal in same case perverts PCRA timeliness requirements and invites unwarranted delay in resolving cases, as well as strategic litigation abuses).

As an additional prefatory matter, the timeliness of any PCRA petition is a jurisdictional requisite. Zeigler, supra. No court has jurisdiction to review an untimely PCRA petition. Commonwealth v. Albrecht, 606 Pa. 64, 994 A.2d 1091 (2010). "Whether a court has subject matter jurisdiction is a question of law. ... It is not waivable, even by consent, and may be raised by any party or by the court, sua sponte, at any stage of the proceeding." Commonwealth v. Hemingway, 13 A.3d 491, 496 (Pa.Super. 2011). "[E]ven where the PCRA court does not address the applicability of the PCRA timing mandate, this Court will consider the issue sua sponte, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief." Commonwealth v. Whitney, 572 Pa. 468, 475-76, 817 A.2d 473, 478 (2003). Significantly,

> [A] jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute. Thus, the filing period is only extended as permitted; in the case of the PCRA, the time limitations are extended upon satisfaction of the exceptions found in § 9545(b)(1)(i)–(iii) and timely filing pursuant to (b)(2). As it has been established that the PCRA's time restrictions are jurisdictional, we hold that the period for filing a PCRA petition is not subject to the doctrine of equitable tolling, save to the extent the doctrine is embraced by § 9545(b)(1)(i)–(iii).

Commonwealth v. Fahy, 558 Pa. 313, 329, 737 A.2d 214, 222 (1999). In other words, "The PCRA's time limitations 'are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits.'" Commonwealth v. Lee, ___ A.3d ___, 2019 PA Super 64

- 6 -

*8 (filed March 1, 2019) (en banc). See also Commonwealth v. Bennett, 593 Pa. 382, 388, 930 A.2d 1264, 1267 (2007) (stating same).

Any PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). If the petition is not filed within one year of that date, the petitioner must plead and prove that one of the three statutory exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies. Lark, supra at 493-94, 746 A.2d at 588.

The exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; to invoke an exception, a petition must allege and the petitioner must prove:

> (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must present his claimed exception within sixty days of the date the claim first could have been presented.[3] 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." Commonwealth v. Gamboa-Taylor, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000). Where a prior petition is pending on appeal, a subsequent petition must be filed within the time limits set forth in Section 9545(b)(2) as measured from the date of the order that finally resolves the appeal in the prior petition, because that date is the first date the claim could be presented. Lark, supra at 494, 746 A.2d at 588 (citing 42 Pa.C.S.A. § 9545(b)(2)).

In the instant case, Appellant timely filed his first PCRA petition on January 22, 2014, and court-appointed counsel filed a no-merit letter and motion to withdraw as counsel on February 27, 2014. On June 30, 2014, the court granted counsel's motion to withdraw and issued Rule 907 notice.

_____

[3] As of December 24, 2018, Section 9545(b)(2) now allows that any PCRA petition invoking a timeliness exception must be filed within one year of the date the claim first could have been presented. See Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. This amendment does not apply to Appellant's case, which arose before the effective date of the amendment.

Appellant filed a premature pro se notice of appeal on July 21, 2014. On July 23, 2014, the court formally denied Appellant's first PCRA petition. Appellant continued to pursue his appeal from the denial of his first PCRA petition.

Meanwhile, on September 8, 2014, Appellant filed a second PCRA petition, although the order denying his first petition was still pending on appeal. The PCRA court erred in holding Appellant's second petition in abeyance during that appeal and in "reinstating" the second petition on July 22, 2016, as the court had no authority to do so. See id. Under Pennsylvania law, Appellant had the option of either going forward with his appeal from the order denying his first PCRA petition or filing and pursuing a second PCRA petition, but he could not do both. See Zeigler, supra. As soon as Appellant decided to exhaust the appeal from the denial of his first petition, the PCRA court was required to dismiss any serial PCRA petition that Appellant filed during the pendency of the appeal. See Lark, supra. The court accurately noted its inability to proceed with Appellant's second PCRA petition when filed, but the court erred when it held the second petition in abeyance, rather than dismiss it under Lark. The court had no authority to put Appellant's second petition on pause until Appellant's pending appeal concluded. See id.

Likewise, the court had no authority to "reinstate" Appellant's second petition, after his appeal on his first petition had ended, and then use the original filing date of the second petition, September 8, 2014, to circumvent the PCRA timeliness requirements. If the court had properly dismissed

- 9 -

Appellant's second petition when filed, then the law would require Appellant to file a third petition within sixty days of May 3, 2016, upon conclusion of his appeal, and satisfy a statutory exception to the PCRA time limits. Id.

Appellant was originally sentenced on January 5, 2012. This Court affirmed the judgment of sentence on October 28, 2013. Appellant sought no further direct review. Therefore, the judgment of sentence became final on November 27, 2013, upon expiration of the time to file a petition for allowance of appeal with our Supreme Court. See Pa.R.A.P. 1113 (allowing thirty days after entry of order of Superior Court to file petition for allowance of appeal).

Appellant filed his motion to "reinstate" his second PCRA petition on July 14, 2016. Using that date as the relevant date for measuring the timeliness of his second petition, we conclude sua sponte that the current petition was late on its face. See Whitney, supra. Additionally, Appellant failed to meet the relevant sixty-day rule, because July 14, 2016 was more than sixty days after the conclusion of his appeal on May 3, 2016. See Lark, supra; 42 Pa.C.S.A. 9545(b)(2). Moreover, Appellant did not plead and prove a PCRA timeliness exception. See 42 Pa.C.S.A. § 9545(b)(1). Even though the PCRA court failed to address the timeliness of Appellant's second petition, we may do so sua sponte. See Whitney, supra. Despite the Commonwealth's failure to object to the untimeliness of Appellant's current petition, as well as the PCRA court's decision to address the petition on its merits, the timeliness of the PCRA petition remained at issue and could not be waived or established

by consent. See Hemingway, *supra*. By holding Appellant's second PCRA petition in abeyance during the pendency of the appeal of his first petition, the court created a prohibited equitable exception to the PCRA timeliness requirements, which did not serve to toll the statutory time bar. See Fahy, *supra*. Lark precludes courts from "tolling" the PCRA time limits in this manner, where an appeal is pending in the same case, even if the serial petition is filed within one year of the date the judgment of sentence became final.[4] This sort of impropriety invites unwarranted delay in resolving cases and strategic litigation abuses, as denounced in Porter, *supra*. Instead, Lark required the court to dismiss Appellant's serial petition, although dismissal of the serial petition meant that a later petition would necessarily be untimely on its face and subject to further qualifications before the court could review it on the merits. See Lark, *supra*.

Based on the foregoing, we hold the PCRA court erred in holding Appellant's second petition in abeyance, pending the outcome of the appeal of his first petition in the same case, and then reinstating the petition for review on the merits, without any jurisdictional analysis. The court should have dismissed the second petition outright under Lark, when Appellant initially filed it during the appeal from the denial of his prior PCRA petition.

_____

[4] We distinguish the scenario that permits a court to hold a timely-filed PCRA petition, while awaiting a decision in an unrelated case from a higher court, or a legislative change, which could potentially impact the court's decision in the case before it. See Montgomery, *supra* at 364

See id. Accordingly, we affirm the denial of relief on Appellant's current petition, albeit on other grounds. See Commonwealth v. Reese, 31 A.3d 708, 727 (Pa.Super. 2011) (en banc) (stating appellate court may affirm on any basis as long as ultimate decision is correct).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/8/2019