J-S06020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA :  IN THE SUPERIOR COURT OF
             :      PENNSYLVANIA
             :
     v.        :
             :
             :
JOHN G. BERG        :
             :
    Appellant     :  No. 192 EDA 2019

Appeal from the PCRA Order Entered January 7, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006201-2016

BEFORE: LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:     **FILED JUNE 03, 2020**

John G. Berg appeals the denial of his request for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Because Berg is no longer serving a sentence for his conviction under this case, we affirm the order denying his PCRA petition.

Berg pled guilty to indecent assault[1] and the trial court sentenced him to 18 months' reporting probation in October 2017. Berg filed the instant counseled PCRA petition in October 2018. The PCRA court issued a notice of intent to dismiss the petition without a hearing. *See* Pa.R.Crim.P. 907(2). Berg responded to the Rule 907 notice and the PCRA court ultimately denied the petition. This timely appeal followed.

Berg raises one issue before this Court:

---

[1] 18 Pa.C.S.A. § 3126(a)(1).

> Did the PCRA [c]ourt err when it dismissed Berg's PCRA petition without an evidentiary hearing?

Berg's Br. at 2.

Our review of the PCRA court's denial of PCRA relief "is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." ***Commonwealth v. Beatty***, 207 A.3d 957, 960-61 (Pa.Super. 2019). To be eligible for relief, a PCRA petitioner must establish, among other things, that he or she is "currently serving a sentence of imprisonment, probation or parole for the crime. . . ." 42 Pa.C.S.A. § 9543(a)(1)(i).

Berg's 18-month sentence expired on April 25, 2019, which he admits. Berg's Br. at 3. The record thus establishes that he is no longer "serving a sentence of imprisonment, probation or parole for the crime" at issue. ***See*** 42 Pa.C.S.A. § 9543(a)(1)(i). He is therefore ineligible for PCRA relief and we affirm the denial of Berg's PCRA petition. ***See Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997) (concluding "the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the [PCRA] statute").

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 6/3/2020*