J-A27004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROBERT MALLORY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| NORFOLK SOUTHERN RAILWAY COMPANY | |
| Appellee | No. 802 EDA 2018 |

Appeal from the Order Entered February 7, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 170901961

BEFORE:  STABILE, J., NICHOLS, J. and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 30, 2020**

Appellant, Robert Mallory, appeals from an order sustaining the preliminary objections of Appellee, Norfolk Southern Railway Company, and dismissing this action for lack of personal jurisdiction.  Appellant argues that the trial court has jurisdiction over Appellee, a foreign corporation, pursuant to 42 Pa.C.S.A. § 5301(a)(2)(ii), because Appellee consented to the general jurisdiction of Pennsylvania courts by registering to do business in Pennsylvania.[1]    The trial court held that Section 5301(a)(2)(ii) is unconstitutional and does not serve as a basis for exercising jurisdiction over

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Section 5301(a)(2)(ii) provides that "consent, to the extent authorized by the consent," constitutes a sufficient basis for Pennsylvania courts to exercise general jurisdiction over a corporation.

Appellee. For the reasons that follow, we transfer this appeal to the Pennsylvania Supreme Court.

On September 18, 2017, Appellant commenced this action against Appellee alleging a violation of the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60. The complaint alleged that Appellant worked for Appellee as a carman in Ohio and Virginia from 1988 through 2005, but that his employment with Appellee exposed him to harmful carcinogens which caused him to develop colon cancer. Appellee filed preliminary objections seeking dismissal of the complaint due to lack of personal jurisdiction. Appellant countered that Appellee consented to jurisdiction by registering in Pennsylvania as a foreign corporation. On February 6, 2018, the court sustained Appellee's preliminary objections and dismissed the complaint. Appellant filed a timely appeal to this Court. Subsequently, Appellant filed a timely statement of matters complained of on appeal raising a single issue: the court erred in finding it lacked personal jurisdiction over Appellee because Section 5301(a)(2)(ii) confers general jurisdiction by consent over any corporation who registers to do business in Pennsylvania.

The court filed a Pa.R.A.P. 1925 opinion in which it concluded that Section 5301(a)(2)(ii) was unconstitutional. The court noted that Pennsylvania law requires foreign corporations to register with the Commonwealth before doing business in Pennsylvania. Opinion, 5/30/18, at 6 (citing 15 Pa.C.S.A. §§ 102, 411). Construed together with Section 5301,

- 2 -

these statutes mandate foreign corporations to submit to the court's general jurisdiction as a condition for doing business in Pennsylvania. *Id.* at 7. The court held that this statutory regime of "forcing foreign corporations to choose between consenting to general jurisdiction in Pennsylvania or foregoing the opportunity to conduct business in Pennsylvania" violates the Due Process Clause of the Fourteenth Amendment. *Id.* at 7-8.

In this Court, Appellant contends that the trial court erred by finding Section 5301(a)(2)(ii) unconstitutional. Before proceeding further, we find it necessary to inquire whether we have subject matter jurisdiction to decide this question. *Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa. Super. 2019) (court may raise question of subject matter jurisdiction *sua sponte* at any stage of the proceeding).

The Judiciary Code prescribes that our Supreme Court "shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas" that hold any Pennsylvania statute "repugnant to the Constitution . . . of the United States." 42 Pa.C.S.A. § 722(7). The present appeal is from a final order declaring the consent provision of Pennsylvania's general jurisdiction statute, Section 5301(a)(2)(ii), unconstitutional under the Fourteenth Amendment. The plain language of Section 722(7) mandates that the Supreme Court decide this appeal, not the Superior Court.

42 Pa.C.S.A. § 5103 provides the mechanism for transferring this appeal to the Supreme Court. It states:

> If an appeal . . . is taken to . . . a court . . . of this Commonwealth which does not have jurisdiction of the appeal . . ., the court . . . shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal . . . shall be treated as if originally filed in the transferee tribunal on the date when the appeal . . . was first filed in a court . . . of this Commonwealth.

42 Pa.C.S.A. § 5103(a). Pursuant to Section 5103(a), we direct the prothonotary to transfer the record in this case to the Supreme Court.

Case transferred to the Pennsylvania Supreme Court. Prothonotary directed to transfer record of this case to the Supreme Court of Pennsylvania, Eastern District.[2]

Judge Nichols did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/20

---

[2] In light of our disposition, Appellants' Application for Relief Seeking Oral Argument is denied as moot.

- 4 -