J-S41027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEROME BLANCHETT | : | |
| | : | |
| Appellant | : | No. 1832 MDA 2019 |

Appeal from the PCRA Order Entered October 3, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0004472-2008

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                **FILED DECEMBER 30, 2020**

Jerome Blanchett appeals *pro se* from the order entered on October 3, 2019, which dismissed his fourth Post Conviction Relief Act ("PCRA") petition as untimely. *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In April 2009, a jury found Blanchett guilty of four counts of Robbery, three counts of Criminal Conspiracy to commit Robbery, and two counts of Aggravated Assault. The crimes stemmed from the violent assaults and robberies of pizza delivery men between March and May 2008. The trial court sentenced Blanchett to an aggregate sentence of 52 to 104 years' incarceration. He appealed, and this Court affirmed the judgment of sentence; the Pennsylvania Supreme Court denied allowance of appeal in September

_____

[*] Retired Senior Judge assigned to the Superior Court.

2010. Blanchett subsequently filed a first and second PCRA petition, both of which were denied.

In May 2016, Blanchett filed a third PCRA petition alleging that he received a letter dated April 11, 2016, from an attorney associated with the Pennsylvania Innocence Project. The letter stated that another prisoner, Johnnie Mccollum, had claimed in a letter that he committed the robberies for which Blanchett was convicted and that Blanchett was innocent. The PCRA court dismissed Blanchett's third PCRA petition as untimely, and this Court affirmed. We explained:

> [Blanchett's] judgment of sentence was final on December 13, 2010, 90 days after our Supreme Court denied his petition for allowance of appeal, and Blanchett had until December 13, 2011 to file a timely petition for collateral review.
>
> The instant appeal is from dismissal of Blanchett's third petition for collateral relief. This petition was filed on May 6, 2016, more than four years after his judgment of sentence became final. Therefore, the petition is facially untimely and we may not consider it unless Blanchett has presented and proved an exception to the PCRA's timeliness requirement. 42 Pa.C.S.A. § 9545(b)(1).
>
> ***
>
> Blanchett asserts that his current petition is saved from the PCRA's time bar based on newly-discovered facts set forth in the letter from Johnnie Mccollum in which Mccollum admitted committing robberies for which [Blanchett] was convicted. [Blanchett's] Brief at 6.
>
> ***
>
> Blanchett has not met [his] burden. As the PCRA court recognized,

[Blanchett's] presentation of an after-trial confession fails to satisfy his burden of proving the timeliness exception. First, [Blanchett] fails to plead why Mccollum's alleged involvement could not have been obtained at or prior to the conclusion of trial by the exercise of reasonable diligence. In spite of thorough investigation of the robberies, [Blanchett's] representation by experienced counsel, and the defense theory that [Blanchett] did not commit the crimes, the evidence contained no mention of Johnnie Mccollum. The issue of [Blanchett's] involvement in the crimes is cumulative of matters fully addressed at trial.

[Further, Blanchett] offers Mccollum's statement solely to impeach the credibility of trial witnesses who identified [Blanchett] as the assailant.

PCRA Court Memorandum Opinion and Order, 11/7/17, at 7.

Our review of [Blanchett's] amended PCRA petition confirms the PCRA court's findings. In his amended petition, [Blanchett] simply pronounces that his "claim of Actual Innocence raised in this present petition could not have been presented in [his] original PCRA petition nor in [his] subsequent petition." Amended Petition, Appendix at 2. He suggests that by filing the petition within 60 days of his receipt of the letter from Johnnie Mccollum, his petition is timely. However, he does not allege, let alone prove, that his "newly-discovered facts" could not have been ascertained by the exercise of due diligence, as required by 42 Pa.C.S.A. § 9545(b)(1)(ii).

We agree with the PCRA court's conclusion that Appellant's third PCRA petition was untimely and that Appellant failed to plead or prove any exception to the PCRA's timeliness requirements.

***Commonwealth v. Blanchett***, No. 312 MDA 2018, 2018 WL 4443068, at

*2-3 (Pa.Super. filed Sept. 18, 2018) (unpublished memorandum) (footnotes

omitted).

In July 2019, Blanchett filed the instant PCRA petition, his fourth. Blanchett again raised the singular argument that he was innocent because he received a letter from the Innocence Project that stated that Johnnie Mccollum had claimed responsibility for Blanchett's crimes. The PCRA court dismissed Blanchett's fourth PCRA petition as untimely and this appeal followed.

Blanchett raises one issue for our review: "Whether the PCRA court erred when the court determined that the actual innocence claim is time-barred?" Blanchett's Br. at 3 (unnecessary capitalization omitted).

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Beatty*, 207 A.3d 957, 960-61 (Pa.Super. 2019). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). The PCRA's time limit is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following exceptions: (1) governmental interference in raising the claim; (2) newly-discovered facts that could not have been discovered with due diligence; or (3) a newly recognized constitutional right that has been held to apply retroactively. *See* 42 Pa.C.S.A.

§ 9545(b)(1)(i)-(iii). Any petition attempting to invoke the statutory exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2).

Instantly, it is undisputed that Blanchett's fourth PCRA petition is patently untimely. Therefore, Blanchett was required to plead and prove at least one of the time bar exceptions. *Id.* at § 9545(b)(1)(i)-(iii).

Blanchett attempts to assert the newly-discovered fact exception, pursuant to section 9545(b)(1)(ii). His argument, in full, is as follows:

> In this instant matter Appellant received a letter dated April 11, 2016, from an attorney from the Innocence Project informing this Appellant that they are in possession of a letter from a Mr. Johnnie Mccollum stating that he committed robberies that this Appellant was convicted for and this Appellant should file a PCRA to raise a claim of actual innocence. This Appellant filed a motion to amend a claim of actual innocence to a pending PCRA petition this Appellant had in the PCRA court. A subsequent PCRA petition may not be considered while a previous petition is still pending.

Blanchett's Br. at 5.

Blanchett's present argument is simply a rehash of an issue that we previously rejected. As noted above, this Court rejected this identical claim on appeal from the denial of Blanchett's third PCRA petition. *See Blanchett*, No. 312 MDA 2018, 2018 WL 4443068, at *3. No relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2020