J-A16023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH MARTIN | : | |
| | : | |
| Appellant | : | No. 1474 MDA 2020 |

Appeal from the PCRA Order Entered October 27, 2020
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001662-2012,
CP-41-CR-0001990-2013

BEFORE:    KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:                **FILED:  October 26, 2021**

Kenneth Martin (Appellant) appeals from the order entered in the Lycoming County Court of Common Pleas, denying his first, timely Post Conviction Relief Act[1] (PCRA) petition.  As Appellant filed a single notice of appeal listing two trial court dockets in contravention of ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), and Pa.R.A.P. 341(a), we are compelled to quash this appeal.

A summary of the underlying facts was set forth in a prior memorandum by this Court, on direct appeal.  ***Commonwealth v. Martin***, 1962 MDA 2016

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

(unpub. memo.) (Pa. Super. June 26, 2018), *appeal denied*, 486 MAL 2018 (Pa. Dec. 26, 2018). Briefly, we note that in 2012, Appellant was charged at trial docket CP-41-CR-0001662-2012 (1662-2012) with, *inter alia*, conspiracy, aggravated assault, burglary, and robbery.[2] Following a preliminary hearing, all charges **except** burglary were held for court. The Commonwealth refiled the burglary charge at trial docket CP-41-CR-0001990-2013 (1990-2013), which was then held for court following a second preliminary hearing. "[T]he trial court granted the Commonwealth's motion to consolidate the charges against Appellant. **See** . . . Order, 1/16/14." **Martin**, 1962 MDA 2016 (unpub. memo. at 6).

Following a mistrial in 2015,[3] the charges proceeded to a jury trial in January 2016. The jury found Appellant guilty of two counts each of conspiracy and robbery, and one count each of burglary, aggravated assault, simple assault, recklessly endangering another person, terroristic threats, criminal trespass, theft by unlawful taking, and receiving stolen property.[4] On July 7, 2016, the trial court imposed an aggregate sentence of 7½ to 20 years'

---

[2] 18 Pa.C.S. §§ 903(a), 2702(a)(4), 3502(a), 3701(a)(1)(ii), (iv).

[3] "[T]here were several disruptive incidents involving supporters of Appellant that made jurors sufficiently uncomfortable that a mistrial was declared." **Martin**, 1962 MDA 2016 (unpub. memo. at 7-8).

[4] 18 Pa.C.S. §§ 2701(a)(1), 2705, 2706(a)(1), 3503(a)(1)(i), 3921(a), 3925(a).

incarceration. This Court affirmed the judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on December 26, 2018.

Appellant filed the instant, first, timely PCRA petition *pro se* on February 25, 2019.[5] The PCRA court appointed Leonard Gryskewicz, Jr., Esquire (Prior Counsel), who filed a 35-page supplemental PCRA petition on June 28th, raising 11 claims of ineffective assistance of counsel, as well as after-discovered evidence. The PCRA court conducted an evidentiary hearing on September 24, 2020, and on October 27th, entered the underlying order denying the PCRA petition. The order advised Appellant of his right to appeal and specifically directed Appellant's and Prior Counsel's attention to **Walker**:

> The appeal is initiated by the filing of a Notice of Appeal with the Clerk of Courts at the Lycoming County courthouse, and sending a copy to the trial judge, the court reporter and the prosecutor. **A separate notice of appeal is required for each case number.** Pa.R.A.P. 341; ***Commonwealth v. Walker***, . . . 185 A.3d 969 (Pa. 2018). . . .

PCRA Ct. Op., 10/27/20 (emphasis in original).

---

[5] **See** 42 Pa.C.S. § 9545(b)(1) ("[Any PCRA petition] shall be filed within one year of the date the judgment becomes final[.]"), (3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). **See also** Sup. Ct. R. 13 (petition for a writ of *certiorari* is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment).

On November 16, 2020, Prior Counsel filed a single notice of appeal, which listed both trial docket numbers, 1662-2012 and 1990-2013. On the same day, Prior Counsel also filed a motion to withdraw from representation. On November 23rd, the PCRA court issued an order, explaining it had conducted "a short hearing with counsel and [Appellant]," and stating it "will grant counsel's motion to withdraw . . . after he files" a Pa.R.A.P. 1925(b) statement, and thereafter, Helen Stolinas, Esquire (Present Counsel), would be appointed. Order, 12/9/20.[6] On December 7th, Prior Counsel filed a Rule 1925(b) statement, as well as a praecipe to withdraw appearance. On December 9th, the PCRA court formally permitted Prior Counsel to withdraw.

On January 4, 2021 — more than two months after the PCRA court's October 27, 2020, denial order — Present Counsel filed a motion to substitute the notice of appeal *nunc pro tunc*. Present Counsel acknowledged that Prior Counsel's notice of appeal improperly listed two docket numbers, he "was ineffective for failing to file separate Notices of Appeal[,] and the pending appeal will undoubtedly be quashed by the Superior Court." Appellant's Motion to Substitute Notice of Appeal *Nunc Pro Tunc*, 1/4/21, at 1. Present Counsel thus requested the court, under Pa.R.A.P. 1701(b)(1), to accept the

---

[6] The text of the order stated a date of November 23, 2020, but was not stamped as "filed" — and entered on the trial docket — until December 9th. For ease of review, we use the latter date in our citation to this order. Furthermore, we note the record does not include any formal appointment order for Present Counsel.

attached two separate notices of appeal as timely filed. *Id.* at 2. *See* Pa.R.A.P. 1701(b)(1) ("After an appeal is taken . . . the trial court . . . may [t]ake such action as may be necessary to preserve the status quo[ or] correct formal errors in papers relating to the matter[.]").

The PCRA court denied Present Counsel's motion, reasoning:

[I]t appears that Rule 1701(b)(1) as not designed to correct substantive errors, but rather ones that are ancillary to the appeal. Instead, it appears that [Appellant] is attempting to assert an ineffective assistance of PCRA counsel claim. The court lacks jurisdiction to grant PCRA relief while the case is on appeal from a prior PCRA ruling. . . . *See Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa. Super. 2019) . . . .

Order, 1/12/21, at 1-2.

On January 22, 2021, this Court issued a *per curiam* rule on Appellant to show cause why this appeal should not be quashed under *Walker*. Present Counsel filed a response, stating: (1) "[i]n an attempt to cure prior counsel's error," she motioned, unsuccessfully, to substitute the defective notice of appeal; (2) she "made a reasonable and timely effort . . . to perfect the appeal to comply with Pa.R.A.P. 341 and" *Walker*; (3) the Commonwealth did not object to her motion; (4) quashal of this appeal "would be unduly harsh given that the error was no fault of Undersigned Counsel or Appellant directly;" (5) the Commonwealth would not be "prejudiced by correcting the record to include a separate notice of appeal for each docket;" and (6) quashal of this "appeal would likely result in a subsequent PCRA for failure to preserve appellate rights and would delay consideration of the issues on appeal[,]

contrary to judicial economy." Appellant's Response to Rule to Show Cause, 1/22/21, at 2-3. This Court discharged the rule to show cause, advising Appellant this issue may be revisited by the panel.

On appeal, Appellant, through Present Counsel, presents 10 claims of trial counsel's ineffective assistance. Appellant also argues this appeal should not be quashed, for the same reasons outlined above. He cites, as additional support, the Pennsylvania Supreme Court's grant of allowance of appeal in *Commonwealth v. Casey*, 2089 MDA 2018 (unpub. memo.) (Pa. Super. Oct. 28, 2020), *appeal granted*, 627 MAL 2020 (Pa. Mar. 30, 2021), on this issue:

> Did the Superior Court err in extending *Commonwealth v. Walker* to require dismissal where the notice of appeal showed multiple docket numbers but there was only one case and one docket, with one defendant, one suppression ruling, and one set of facts and issues?

*Casey*, 627 MAL 2020.[7] For the following reasons, we quash this appeal.

In *Walker*, our Supreme Court concluded the official note to Rule 341 sets forth a bright line requirement: "[W]hen a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." *Walker*,

---

[7] The Supreme Court's grant of allowance of appeal order also listed a second case, *Commonwealth v. Young*, 2088 MDA 2018 (unpub. memo.) (Pa. Super. Nov. 20, 2020), *appeal granted*, 626 MAL 2020 (Pa. Mar. 30, 2021), granting review on the same issue. We note these cases have been assigned the following docket numbers in the Supreme Court: *Casey* at 20 MAP 2021 and *Young* at 19 MAP 2021.

185 A.3d at 976, 977. Although this Court has recognized exceptions that apply under certain circumstances, none are present here. *See Commonwealth v. Johnson*, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*) (appellant may file a notice of appeal that lists multiple dockets, so long as a separate notice of appeal is filed at each docket); *Commonwealth v. Larkin*, 235 A.3d 350 (Pa. Super. 2020) (*en banc*) (PCRA court's misstatement, that appellant could file "a notice of appeal" from order disposing of two docket numbers, was a breakdown in court operations such that we may overlook the requirements of *Walker*). We reiterate that here, the PCRA court clearly advised Appellant that separate notices of appeal must be filed at each trial docket. *See* PCRA Ct. Op. at 11.

We acknowledge that our Supreme Court has granted allowance of appeal on an issue that may — or may not — provide Appellant relief. However, we apply the law that is presently binding on this appeal. *See also Dana Holding Corp. v. Workers' Comp. Appeal Bd. (Smuck)*, 232 A.3d 629, 643 (Pa. 2020) ("'[T]he general rule followed in Pennsylvania is that we apply the law in effect at the time of the appellate decision,' . . . and that 'a party whose case is pending on direct appeal is entitled to the benefit of **changes in law which occur[ ] before the judgment becomes final**.'").

Pursuant to the "bright line" rule set forth in **Walker**, we quash this appeal.[8]

**See Walker**, 185 A.3d at 976, 977.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2021

---

[8] We note Appellant may file a petition for allowance of appeal with the Pennsylvania Supreme Court.