J-S14026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JOHN LEWIS GERHOLT, SR. | : | |
| Appellant | : | No. 774 WDA 2022 |

Appeal from the PCRA Order Entered June 3, 2022
In the Court of Common Pleas of Bedford County Criminal Division at
No(s):  CP-05-CR-0000530-2008

BEFORE:   PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: JUNE 27, 2023**

Appellant, John Lewis Gerholt, Sr., appeals *pro se* from the post-conviction court's June 3, 2022 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, on the basis that the court lacked jurisdiction to rule on the petition.  After careful review, we vacate the court's order and remand for further proceedings.

The facts and procedural history of Appellant's underlying convictions are not pertinent to our disposition of his present appeal.  We need only note that on August 21, 2012, Appellant pled guilty to first-degree murder and was sentenced to a term of life imprisonment without the possibility of parole.  He did not file a direct appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.

Pertinent to the instant appeal, on June 7, 2021, Appellant filed a *pro se* motion for return of property. On October 20, 2021, the trial court entered an order granting in part and denying in part Appellant's motion. On November 1, 2021, Appellant filed an appeal to the Commonwealth Court challenging the October 20, 2021 order, docketed at 1212 CD 2021.[1]

On December 28, 2021, Appellant filed a *pro se* PCRA petition.[2] This petition appeared to raise issues challenging the adequacy of Appellant's 2012 plea agreement, and alleging the ineffectiveness of his prior attorneys for failing to raise this issue. On January 12, 2022, the PCRA court entered an order stating that it could not address Appellant's petition at that time because the Commonwealth Court had jurisdiction over his case. Accordingly, the PCRA court declared that, "[a]s soon as we receive a disposition from the Commonwealth Court, we will schedule a hearing on this petition." Order, 1/12/22, at 1.

On April 14, 2022, Appellant filed a *pro se* supplemental petition, as well as a second, *pro se* supplemental petition on May 5, 2022. On June 3, 2022, the PCRA court entered an order denying that petition, again on the basis that

---

[1] This appeal is currently pending, as the Commonwealth Court entered an order staying its proceedings until resolution of the instant appeal.

[2] This petition was Appellant's second, as he had filed a first PCRA petition in October of 2012. The PCRA court denied that petition after a hearing. Appellant appealed and, after this Court affirmed the order denying his petition, our Supreme Court denied his subsequent petition for allowance of appeal. *See Commonwealth v. Gerholt, Sr.*, 133 A.3d 84 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 134 A.3d 55 (Pa. 2016).

- 2 -

the court lacked jurisdiction to consider it. On July 1, 2022, Appellant filed the instant, *pro se* notice of appeal. Herein, he argues that the PCRA court erred by finding that it lacked jurisdiction to entertain his petition due to the pending appeal before the Commonwealth Court.

After review, we agree with Appellant. He was not impermissibly attempting to litigate a new PCRA petition while a prior one was pending on appeal. *See Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa. Super. 2019) ("Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal."); *see also Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000), *overruled on other grounds by Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020) ("We now hold that when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review."). Rather, it appears that Appellant was attempting to raise arguments germane to his underlying case in a new PCRA petition while he appealed a separate and ancillary property dispute in the Commonwealth Court. Accordingly, we conclude that the PCRA court had jurisdiction to entertain Appellant's December 28, 2021 petition.

Therefore, we vacate the PCRA court's order denying Appellant's petition on the basis that it lacked jurisdiction, and we remand for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2023