J-A05023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID HOLLOWAY | : | |
| | : | |
| Appellant | : | No. 593 EDA 2023 |

Appeal from the PCRA Order Entered March 10, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0508761-2006

BEFORE: DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.: **FILED JULY 2, 2024**

Appellant, David Holloway, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We vacate and remand for further proceedings.

A prior panel of this Court set forth the relevant facts and procedural history of this case as follows:

> In 2008, [Appellant] was convicted following a jury trial of three counts of attempted murder, four counts of aggravated assault, and one count each of conspiracy, possessing an instrument of crime and carrying a firearm without a license. He was sentenced to an aggregate term of 47 to 107 years' imprisonment. After his direct appeal rights were reinstated *nunc pro tunc*, this Court affirmed the judgment of sentence and our Supreme Court denied further review.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[Appellant] filed a timely first PCRA petition raising claims of ineffective assistance of counsel and challenging the legality of his sentence. The PCRA court granted relief on the sentencing claim and resentenced [Appellant] in December 2017. The PCRA court vacated [Appellant's] sentence for conspiracy to commit murder and resentenced him for the lesser offense of conspiracy to commit aggravated assault. The sentence remained the same in all other respects. [Appellant] timely appealed and this Court again affirmed the judgment of sentence. Our Supreme Court denied his petition for allowance of appeal on February 4, 2020.

On March 11, 2020, [Appellant] filed the instant petition. He pled, *inter alia*, that prior counsel were ineffective for failing to challenge the imposition of consecutive sentences for multiple inchoate crimes. He requested that the PCRA court appoint counsel and grant an evidentiary hearing on the claims. He filed an amended petition on June 30, 2020, arguing that prior counsel were ineffective for failing to file a post-sentence motion or argue on direct appeal that his consecutive sentences for attempted murder and aggravated assault should have merged. On August 7, 2020, he filed a second amended petition raising claims related to ineffective assistance of trial and prior PCRA counsel related to the jury trial proceedings. He again requested that counsel be appointed to assist him in litigating his claims. Finally, on August 10, 2020, [Appellant] filed a motion for appointment of counsel arguing that he was entitled to counsel because his petition should be considered a timely first PCRA petition.

On September 15, 2020, the PCRA court issued a notice of intent to dismiss the petition without a hearing on the basis that it was untimely, and that [Appellant] had failed to plead and prove an exception to the PCRA's jurisdictional time-bar. [Appellant] filed a timely response to the notice arguing that his petition was a first timely PCRA petition following his resentencing hearing, and that the PCRA court had erred in failing to appoint counsel to represent him. The PCRA court dismissed the petition and [Appellant] timely appealed.

***Commonwealth v. Holloway***, No. 2243 EDA 2020, unpublished memorandum at 1-3 (Pa.Super. filed October 4, 2021) (internal citations and footnotes omitted).

On October 4, 2021, this Court vacated the order dismissing the PCRA petition and remanded the matter for the appointment of counsel and further proceedings in accordance with the PCRA. Upon remand, the PCRA court appointed counsel ("PCRA counsel"), who filed an amended petition on April 20, 2022. In it, PCRA counsel raised the following issues on Appellant's behalf:

> Trial and PCRA counsel were ineffective for failing to object to and raise [the] issue of [Appellant's] sentence of multiple inchoate crimes barred by 18 Pa.C.S.A. § 906[.]
>
> Trial and PCRA counsel were ineffective for failing to object to and raise [the] issue of imposition of consecutive sentences for attempted murder and aggravated assault which violates the merger doctrine[.]
>
> Trial and PCRA counsel were ineffective for failing to object to and raise [the] issue of the introduction of an alleged co-conspirator's guilty plea at trial[.]
>
> Trial counsel was ineffective for failing to request [a] cautionary jury instruction that [the] jury could not consider the guilty plea of Justin Diaz against [Appellant.]

(PCRA Petition, filed 4/20/22, at 7) (capitalization omitted). On February 10, 2023, the court issued notice of its intent to dismiss the petition, pursuant to Pa.R.Crim.P. 907. Despite having counsel of record, Appellant submitted three *pro se* responses to the Rule 907 notice. Thereafter, the court dismissed

the current PCRA petition.[2]

PCRA counsel timely filed a notice of appeal on Appellant's behalf on March 6, 2023. That same day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on March 26, 2023. On June 21, 2023, newly retained private counsel ("current counsel") entered his appearance on Appellant's behalf in this Court.

Appellant now raises the following issues for our review:

> Should PCRA relief be granted or alternatively, should this matter be remanded for further PCRA proceedings where PCRA counsel below ineffectively failed to develop claims that Appellant's prior counsel provided ineffective assistance as follows:
>
> (1) prior PCRA counsel totally abandoned Appellant by failing to pursue an appeal arising from the denial of all of the conviction-related claims in Appellant's prior PCRA petition;
>
> (2) trial counsel at resentencing was ineffective for

---

[2] The PCRA court docket indicates that the court entered an "Order Dismissing PCRA Petition" on March 3, 2023. PCRA counsel then filed a notice of appeal on March 6, 2023. The docket, however, also indicates that the court entered another "Order Dismissing PCRA Petition" on March 10, 2023. Upon further investigation by this Court, the Philadelphia Office of Judicial Records stated that the March 3rd order dismissing the PCRA petition was not signed and filed by the judge until March 10, 2023. Thus, there is only one order that corresponds to the two docket entries at issue. To the extent PCRA counsel filed the notice of appeal before the judge signed and filed the order dismissing the current petition, the appeal became ripe for review once the court entered its order on March 10, 2023. *See* Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").

failing to object to a sentence based on an aggravating element where the trial court had not instructed the jury on that element; and

(3) trial counsel at resentencing was ineffective for failing to object to a sentence that failed to give Appellant the benefit of a concededly ambiguous verdict?

(Appellant's Brief at 5).

On appeal, Appellant acknowledges that he is raising three discrete issues, "none of which were properly raised and developed by counsel in the PCRA proceeding below." (*Id.* at 15). Nevertheless, Appellant relies on *Commonwealth v. Bradley*, ___ Pa. ___, ___, 261 A.3d 381, 401 (2021), for the proposition that a PCRA petitioner is allowed to challenge PCRA counsel's effectiveness "at the first opportunity when represented by new counsel, even if on appeal." (*Id.* at 17). Here, Appellant avers that PCRA counsel was ineffective for failing to develop claims related to: 1) prior counsels' abandonment that prevented Appellant from fully litigating all collateral claims related to the trial; 2) resentencing counsel's ineffectiveness for failing to object to the attempted murder sentence where the court failed to instruct the jury on an essential element of the crime; and 3) resentencing counsel's ineffectiveness for failing to object to the court's characterization of the verdict as ambiguous. Pursuant to *Bradley*, Appellant insists that this Court may remand this case to the PCRA court for development of the record relating to these new claims. Appellant concludes, among other things, that this Court must reverse the order dismissing his PCRA petition and remand

the matter for an evidentiary hearing. We agree that additional proceedings in the PCRA court are required.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Beatty*, 207 A.3d 957, 960-61 (Pa.Super. 2019), *appeal denied*, 655 Pa. 482, 218 A.3d 850 (2019). We grant great deference to the factual findings of the PCRA court if the record contains any support for those findings. *Id.* "[W]e review the court's legal conclusions *de novo*." *Commonwealth v. Prater*, 256 A.3d 1274, 1282 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 268 A.3d 386 (2021).

"Counsel is presumed to have rendered effective assistance." *Commonwealth v. Hopkins*, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, 663 Pa. 418, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and

quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Commonwealth v. Chmiel***, 612 Pa. 333, 30 A.3d 1111 (2011).

"It is not an appellate court's function to engage in fact-finding." ***Commonwealth v. Shaw***, 665 Pa. 126, 141, 247 A.3d 1008, 1017 (2021) (quoting ***BouSamra v. Excela Health***, 653 Pa. 365, 386-87, 210 A.3d 967, 979-80 (2019)). The PCRA court is "the appropriate—and, indeed, the only—forum for the evidentiary and factual development" of PCRA claims. ***Id.*** (quoting ***Commonwealth Koehler***, 658 Pa. 658, 695, 229 A.3d 915, 937 (2020)). In ***Bradley***, our Supreme Court also acknowledged that remand might be proper in certain cases where ineffectiveness claims are raised on appeal in the first instance:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness …; however, where there are material facts at issue concerning [claims challenging counsel's stewardship] and relief is not plainly unavailable as a matter of law, the remand should be afforded[.]

***Bradley, supra*** at \_\_\_, 261 A.3d at 402 (internal citations, footnote, and quotation marks omitted).

Instantly, Appellant challenges PCRA counsel's effectiveness for the first

- 7 -

time on appeal, but these claims have not been developed outside of the arguments included in the appellate brief. Although Appellant addresses all three parts of the test for ineffectiveness, Appellant has not had the opportunity to proffer input from prior counsel regarding the "strategic basis" for their actions. *See Commonwealth v. Roney*, 622 Pa. 1, 21, 79 A.3d 595, 606-07 (explaining petitioner offered no affidavit or other evidence as to what trial counsel did or did not investigate; petitioner provided no explanation for absence of affidavit from trial counsel and proffered no evidence as to what actions trial counsel took or failed to take; thus, any assertion that trial counsel had no reasonable basis for failing to recognize or present evidence of alternative suspect was speculative). Likewise, the PCRA court did not have the opportunity to assess prejudice in the first instance. *See Shaw, supra* at 140-41, 247 A.3d at 1017 (holding petitioner did not waive challenge to stewardship of PCRA counsel and observing that Superior Court should have provided PCRA court with opportunity to assess prejudice in first instance).

Under these circumstances, we conclude that the record before us is insufficient to allow for disposition of the newly raised ineffectiveness claims. *See Bradley, supra*. The most prudent course of action is to vacate the order denying PCRA relief and remand this case to the PCRA court for Appellant to create an evidentiary record in conjunction with his current ineffectiveness claims. *See id. See also Koehler, supra* at 696, 229 A.3d

at 937 (explaining appellate review requires "development of a record as warranted and, where a hearing is appropriate, an assessment of the facts by the trial court hearing the evidence"). Upon remand, current counsel should file an amended petition on Appellant's behalf, wherein he can fully develop the claims advanced on appeal. Thereafter, the court must decide whether to conduct an evidentiary hearing on the new claims.

Order vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/2/2024