J-A09045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ORLANDO HAMILTON | : | |
| | : | |
| Appellant | : | No. 179 WDA 2020 |

Appeal from the PCRA Order Entered January 15, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0009666-2008

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: JUNE 1, 2021**

Orlando Hamilton (Hamilton) appeals from the January 15, 2020 order of the Court of Common Pleas of Allegheny County (PCRA court) denying his timely petition pursuant to the Post-Conviction Relief Act.[1]  We affirm.

Only a brief procedural history is necessary to our disposition.  In 2010, following a combined jury and non-jury trial, Hamilton was convicted of first-degree murder, carrying a firearm without a license, criminal conspiracy and persons not to possess a firearm.[2]  He was subsequently sentenced to life

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541 *et seq.*

[2] 18 Pa.C.S. §§ 2502(a), 6106(a)(1), 903(a)(1), & 6105(a)(1).  The trial court sat as fact-finder for the charge of persons not to possess a firearm.

imprisonment for the murder charge with consecutive sentences of 2 to 4 years' imprisonment for carrying a firearm without a license and 8 to 16 years' imprisonment for criminal conspiracy. He was sentenced to no further penalty for persons not to possess a firearm. At the time of the murder, Hamilton was 18 years and 4 months old.

This Court affirmed the judgment of sentence. ***Commonwealth v. Hamilton***, 1478 WDA 2010, at *2 (Pa. Super. April 3, 2012) (unpublished memorandum). Hamilton later filed his first PCRA petition seeking, *inter alia*, permission to file a petition for allowance of appeal in the Supreme Court *nunc pro tunc* on the basis that appellate counsel was ineffective for failing to file the petition.[3] The PCRA court granted relief and Hamilton filed the petition, which was later denied. ***Commonwealth v. Hamilton***, 218 WAL 2013 (Pa. Sept. 12, 2013) (*per curiam*).

On February 25, 2014, Hamilton filed the instant timely PCRA petition.[4] On May 12, 2014, the PCRA court appointed counsel and entered an order

_____

[3] Hamilton also argued that his sentence was illegal because the trial court had not made a determination as to his eligibility for the Recidivism Risk Reduction Initiative (RRRI) program on the record at sentencing. The PCRA court granted relief on this claim and resentenced him to the same sentence of incarceration as it had originally imposed while finding that he was not eligible for RRRI. ***See*** Modified Order of Sentence, 4/17/2013.

[4] Hamilton's judgment of sentence became final after his petition for allowance of appeal was denied and the time for seeking further review in the United States Supreme Court expired. Because his petition was denied on September 12, 2013, Hamilton had until December 11, 2013, to seek *certiorari*. 42
*(Footnote Continued Next Page)*

- 2 -

stating "[t]he motion is returned to defendant for amendment as follows, such amendment to be made on or before, July 7, 2014, or counsel to advise that no amendment is necessary." **See** Order of Court, 5/12/2014. However, no amendment or notice was filed until March 23, 2016, when Hamilton filed a *pro se* motion for leave to amend his petition and an amended PCRA petition. **See** Motion for Leave to Amend Petition for Post-Conviction Relief and Amend Habeas Corpus Petition, 3/23/16; Amended Petition for Post-Conviction and Habeas Corpus Relief Under the Post Conviction Act and Pennsylvania Constitution, 3/23/16.

No further action was taken until May 8, 2019, when counsel filed a request for stay pending the disposition of the petition for allowance of appeal in **Commonwealth v. Lee**, 206 A.3d 1 (Pa. Super. 2019) (*en banc*), *allocatur denied*, 218 A.3d 851 (Pa. 2019). The PCRA court denied the motion and counsel filed an amended petition on August 5, 2019, claiming that Hamilton was serving an unconstitutional and excessive sentence of life without the possibility of parole based on the United States Supreme Court's decisions in **Miller v. Alabama**, 576 U.S. 460 (2012) and **Montgomery v. Louisiana**, ___ U.S. ___, 136 S.Ct. 718 (2016). The petition noted that this Court has not determined whether the rationale of **Miller**/**Montgomery** should apply to

---

Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13. Thus, the instant petition was timely filed within one year of his judgment of sentence becoming final.

individuals between the ages of 18 and 21 years old or individuals between the ages of 18 and 21 years old who have a documented intellectual delay.

The Commonwealth filed an answer to the petition and the PCRA court issued a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court dismissed the petition on January 15, 2020, and Hamilton filed a timely notice of appeal. He and the PCRA court have complied with Pa.R.A.P. 1925.[5]

Hamilton raises the following issues on appeal, which we have reordered for ease of disposition:

1. Should a person between the ages of 18 and 21 years old be considered a juvenile offender for sentencing and Eighth Amendment purposes?

2. Does the reasoning underpinning the lines of cases including *Miller*[]; *Montgomery*[]; and *Atkins v. Virginia*, 536 U.S. 304 (2002) support the conclusion that a sentence of life imprisonment without parole is unconstitutional under the United States and Pennsylvania constitutions for an individual who 1.) was under the age of 21 at the time of the offense and 2.) has an intellectual and developmental disability?

3. Should an individual with a documented intellectual delay who was between the ages of 18 and 21 years old be considered a juvenile for sentencing and Eighth Amendment purposes?

4. Considering *Montgomery* [] and *Atkins* [], is Mr. Hamilton's sentence excessive under the Pennsylvania and United States constitutions[]?

_____

[5] "Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Beatty*, 207 A.3d 957, 960-61 (Pa. Super. 2019) (citation omitted).

Hamilton's Brief at 6-7 (trial court answers omitted).

First, Hamilton contends that he is serving an illegal sentence because the rationale in **Miller**/**Montgomery** applies equally to juveniles and young adults between the ages of 18 and 21. By way of background, in **Miller**, the United States Supreme Court held that it is unconstitutional for states to sentence juvenile homicide defendants to mandatory sentences of life imprisonment without the possibility of parole. **See Miller**, **supra** at 465. In **Montgomery**, the Court determined that **Miller** constituted a substantive rule of constitutional law that must be applied retroactively to cases on collateral review. **See Montgomery**, **supra** at 736.

This Court has previously rejected Hamilton's claim that the **Miller**/**Montgomery** holding should apply to individuals under the age of 21 based on an "immature brain" theory. **Commonwealth v. Lee**, 206 A.3d 1, 10 (Pa. Super. 2019) (*en banc*), *allocatur denied*, 218 A.3d 851 (Pa. 2019); **Commonwealth v. Montgomery**, 181 A.3d 359, 366 (Pa. Super. 2018) (*en banc*); **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016). We concluded that "[t]he **Miller** decision applies to only those defendants who were under the age of 18 at the time of their crimes." **Furgess**, **supra** (internal quotations omitted). As a result, PCRA petitioners could not rely on **Miller**/**Montgomery** to overcome the PCRA's jurisdictional time-bar. **See** 42 Pa.C.S. § 9545(b)(iii) (exception to the jurisdictional time-bar for newly-recognized constitutional rights).

- 5 -

The same rationale applies to Hamilton's petition, which is timely but cites *Miller*/*Montgomery* as a substantive basis for relief. As we explained in *Lee*, the *Miller* decision was expressly limited to individuals who committed murder before the age of 18, as our society has used that age as the delineation between childhood and adulthood for many purposes. *Lee*, *supra*, at 9-10. We recognized that such line-drawing has shortcomings, such as those advanced in the underdeveloped or "immature" brain theories. *Id.* Nevertheless, we concluded that a clear line was necessary for the orderly administration of justice. *Id.* Hamilton has not advanced any argument related to *Lee*, *Commonwealth v. Montgomery* or *Furgess* to support the contention that those decisions should not apply equally in his circumstances. Accordingly, his first issue has no merit.

Hamilton's second and third questions on appeal are related and we address them together. Hamilton argues that the rationale in *Miller*/*Montgomery* combined with the rationale in *Atkins* and *Roper v. Simmons*, 543 U.S. 551 (2005), militate in favor of finding that a sentence of life without the possibility of parole is unconstitutional for individuals who are under the age of 21 and suffer from an intellectual and developmental disability or delay.[6] In *Atkins*, the United States Supreme Court held that the

___

[6] "The Pennsylvania prohibition against cruel and unusual punishment is coextensive with the Eighth and Fourteenth Amendment of the United States Constitution. Therefore, the Pennsylvania Constitution affords no broader
*(Footnote Continued Next Page)*

death penalty is an unconstitutionally excessive punishment for individuals with intellectual disabilities, as their diminished capacity reduces their culpability for their crimes. **Atkins**, **supra**, at 318-21. In **Roper**, the Court relied in part on its reasoning in **Atkins** to hold that the death penalty is unconstitutional when applied to juvenile offenders. **Roper**, **supra**, at 568.

Hamilton's claim relates to the constitutionality of his mandatory sentence of life without parole for first-degree murder. **See** 18 Pa.C.S. § 1102(a)(1); 42 Pa.C.S. § 9543(a)(2)(vii) (providing basis for collateral relief for individuals serving illegal sentences).

> In conducting our review, we are guided by the principle that acts passed by the General Assembly are strongly presumed to be constitutional, including the manner in which they were passed. Thus, a statute will not be found unconstitutional unless it clearly, palpably, and plainly violates the Constitution. If there is any doubt as to whether a challenger has met this high burden, then we will resolve that doubt in favor of the statute's constitutionality.

**Commonwealth v. Jezzi**, 208 A.3d 1105, 1110 (Pa. Super. 2019) (internal quotations & citation omitted); **see also Commonwealth v. Yasipour**, 957 A.2d 734, 741-44 (Pa. Super. 2008) (affirming constitutionality of 20 to 40 year sentence for defendant who was found guilty but mentally ill of third-degree murder). Moreover, a PCRA petitioner bears the burden of pleading

---

protection against excessive sentences than that provided by the Eighth Amendment to the United States Constitution." **Commonwealth v. Yasipour**, 957 A.2d 734, 743 (Pa. Super. 2008) (citations omitted).

and proving his right to relief by a preponderance of the evidence. 42 Pa.C.S. § 9543(a).

Hamilton did not carry his burden in the PCRA court of establishing his right to relief for this claim and, as a result, the PCRA court did not err in dismissing the petition. Hamilton's only reference to this argument in his amended petition[7] is a single averment: "The Superior Court has not determined whether an individual with a documented intellectual delay who was between the ages of 18 and 21 years old should be considered a juvenile for sentencing and Eighth Amendment purposes." **See** Amended Petition for Relief Under the Post Conviction Relief Act, 8/6/19, at Paragraph 10. The balance of his petition advances his arguments related to expanding **Miller**/**Montgomery**, discussed *supra.* As a result, the PCRA court's order dismissing the petition and subsequent opinion pursuant to Pa.R.A.P. 1925(a)

---

[7] Under "Claims for Relief," the amended petition states that it "does not forfeit or waive any issues waived in the *pro se* petition for PCRA relief that was filed on February 25, 2014." Amended Petition for Relief Under the Post-Conviction Relief Act, 8/5/19, at unnumbered page 5. To the extent that Hamilton was attempting to preserve the issues raised in his first *pro se* petition in his amended petition, the *pro se* filing does not save his sentencing claim related to intellectual disability. That petition alleges that trial counsel was ineffective for failing to investigate Hamilton's competency and mental health history prior to trial and for failing to raise a diminished capacity defense. **See** Motion for Post-Conviction Relief Act, 2/25/14, at 22-24. The petition, which was filed before the decision in **Montgomery**, also argues that **Miller** should be applied retroactively, and that the holding should extend to individuals under the age of 25 on an underdeveloped brain theory. **Id.** at 26-32. It does not raise or develop the claim on appeal that life without parole sentences are unconstitutional when applied to offenders under the age of 21 who have an intellectual disability.

only addresses Hamilton's argument for extending the holdings in *Miller*/*Montgomery* to apply to individuals between the ages of 18 and 21. *See* Notice of Intention to Dismiss Pursuant to Pa.R.Crim.P. 907, 8/21/19; PCRA Court Opinion, 9/23/20, at 3-5. Based on his scant pleading, we cannot conclude that Hamilton proved his right to relief by a preponderance of the evidence, let alone that he met his high burden of establishing that the mandatory sentence of life without the possibility of parole is unconstitutional for offenders under the age of 21 who have an intellectual disability. *See* 42 Pa.C.S. § 9543(a); *Jezzi*, *supra*. This claim fails.

We reject Hamilton's final claim that his sentence is excessive based on *Montgomery* and *Atkins* for the same reasons. As Hamilton has not carried his burden of establishing that life without parole sentences are unconstitutional under those precedents for offenders between the ages of 18 and 21 who have intellectual disabilities, he has not established that the sentence is unconstitutionally excessive as applied to him. As such, his final issue is meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/1/2021

- 9 -