J-S28044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY ALVA NEFF | : | |
| | : | |
| Appellant | : | No. 549 MDA 2022 |

Appeal from the PCRA Order Entered March 7, 2022
In the Court of Common Pleas of Clinton County
Criminal Division at No(s): CP-18-CR-0000397-2019

BEFORE: OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: FEBRUARY 22, 2023**

Appellant, Timothy Alva Neff, appeals from the order entered in the Clinton County Court of Common Pleas, which denied his first petition brought under the Post-Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows. On May 11, 2019, the Commonwealth charged Appellant with first degree murder and related offenses in connection with the stabbing of Appellant's sister, Agnes Neff ("Victim"). At the time, Appellant was serving a probationary sentence for a prior aggravated assault conviction. Appellant entered a guilty plea to third-degree murder on September 10, 2020. On November 12, 2020, the court sentenced Appellant to 20 to 40 years' incarceration on the third-

---

[1] 42 Pa.C.S.A. §§ 9541-9546

degree murder conviction. The court also revoked Appellant's probation and sentenced him to 5 to 10 years' incarceration on the aggravated assault conviction, to run concurrent to his third-degree murder sentence. Appellant did not appeal his judgment of sentence. On May 13, 2021, Appellant timely filed a *pro se* PCRA petition, alleging ineffective assistance of counsel. The court appointed PCRA counsel, who filed an amended petition on October 28, 2021.

The PCRA court held an evidentiary hearing on December 8, 2021. Appellant testified that in 2019, he was living in the same residence as Victim and their brother, William Neff. Appellant stated that on the day in question, Victim appeared intoxicated, and Appellant asked her when she was going to "sober up." In response, Victim kicked Appellant in the back of his knee, injuring him and limiting his movement. Appellant testified that Victim grabbed a paring knife and began advancing toward Appellant to attack him. Appellant also grabbed a knife and a scuffle ensued between Appellant, Victim, and their brother, resulting in all three falling on the floor. Appellant testified that Victim was behind him, and Appellant went to hit her with his elbow and accidentally stabbed her with the knife. Appellant stated that he explained the circumstances to plea counsel, and counsel advised Appellant to plead guilty to third-degree murder instead of pursuing a claim of self-defense.

On cross-examination, Appellant admitted that he left the house immediately after stabbing Victim and did not pause to render aid.

Additionally, Appellant acknowledged that plea counsel discussed the contents of discovery with him and explained the risks of taking the case to trial, including the possibility of receiving a sentence of life imprisonment. Appellant agreed that prior to entering his guilty plea he signed a written plea colloquy and affirmed under oath that he had the opportunity to fully discuss his case with plea counsel, was satisfied with counsel's representation, and was not pressured or forced in any way to plead guilty to any charges.

Plea counsel testified that Appellant suggested to him that Victim had a knife during the altercation, but there was no evidence of a second knife used in the altercation to corroborate Appellant's version of events. Plea counsel engaged the services of a forensic pathologist, who determined that there was no scientific evidence to support a self-defense claim. Additionally, when plea counsel discussed the matter with Appellant, Appellant did not state that he acted in self-defense but maintained that he accidentally stabbed Victim. Accordingly, plea counsel determined that self-defense was not a viable defense. Plea counsel explained to Appellant that if he was convicted of first-degree murder, he could face a sentence of life imprisonment and a consecutive sentence for his probation violation. Plea counsel negotiated a plea agreement for Appellant which resulted in a sentence of 20 to 40 years' incarceration. Plea counsel also secured an agreement that Appellant's probation violation sentence would run concurrently to his third-degree murder sentence. Further, plea counsel testified that he reviewed every

paragraph of the plea agreement with Appellant, and he had no doubt that Appellant entered his plea knowingly, voluntarily, and intelligently.

On March 7, 2022, the court denied PCRA relief. Appellant filed a timely notice of appeal on April 4, 2022. On April 5, 2022, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant timely complied on April 25, 2022.

Appellant raises the following issue for our review:

> Whether [Appellant] was provided with ineffective assistance of counsel such that his denial of post conviction collateral relief should be reversed.

(Appellant's Brief at 4).

On appeal, Appellant argues that plea counsel failed to properly evaluate and pursue a viable self-defense where Appellant informed counsel that Victim had a knife. Appellant contends that he told plea counsel that he was attempting to defend himself from Victim when he inadvertently stabbed her and caused her death. Appellant claims that plea counsel's failure to pursue a self-defense theory after hearing Appellant's explanation of the circumstances constituted ineffective assistance of counsel. Appellant concludes the PCRA court erred denying PCRA relief, and this Court should grant relief. We disagree.

As a preliminary matter, we note that Appellant's entire argument section is merely one and a half pages and consists of little to no citations to the record or relevant authority. Rather, Appellant's argument section is

nothing more than a brief summary of Appellant's testimony at the PCRA hearing, and conclusory statements that plea counsel was ineffective. Significantly, Appellant does not reference or make any arguments regarding the three prongs that must be established to prove an ineffective assistance of counsel claim. Therefore, Appellant has waived his only argument on appeal. *See Commonwealth v. Plante*, 914 A.2d 916, 924 (Pa.Super. 2006), *appeal denied*, 593 Pa. 748, 931 A.2d 657 (2007) (reiterating: "We have repeatedly held that failure to develop an argument with citation to, and analysis of, relevant authority waives the issue on review").

Moreover, even if Appellant had preserved his issue for our review, it would not merit relief. "Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Beatty*, 207 A.3d 957, 960-61 (Pa.Super. 2019), *appeal denied*, 655 Pa. 428, 218 A.3d 850 (2019). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Commonwealth v. Medina*, 92 A.3d 1210, 2014 (Pa.Super. 2014), *appeal dismissed as improvidently granted*, 636 Pa. 77, 140 A.3d 675 (2016).

To prevail on a claim of ineffective assistance of counsel:

> [A] defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

**Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted).

Instantly, the court credited plea counsel's testimony that he discussed the facts of the case with Appellant, evaluated the viability of a self-defense claim based on Appellant's statements, and determined that there was no evidence to support a theory of self-defense after consultation with a forensic pathologist. The record supports the court's credibility determinations in favor of plea counsel. **See Medina, supra**. Notably, Appellant's testimony at the PCRA hearing was that he accidentally stabbed Victim, not that he used deadly force because he reasonably believed such force was needed to defend himself from harm. **See** 18 Pa.C.S.A. § 505(a) (defining use of force justifiable for protection as when actor believes such force is immediately necessary for purpose of protecting himself against use of unlawful force by such other person on present occasion). On this record, we agree with the PCRA court that Appellant failed to establish arguable merit to succeed on his claim of

ineffectiveness. **_See Sandusky, supra_**. Therefore, even if Appellant's claim on appeal was not waived, it would merit no relief. Accordingly, we affirm the court's order denying PCRA relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/22/2023