J-S29025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
EMILIO RIVERA :
:
Appellant : No. 1400 WDA 2023

Appeal from the PCRA Order Entered October 25, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0014290-2011

BEFORE: DUBOW, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.: **FILED: OCTOBER 24, 2024**

Appellant, Emilio Rivera, appeals from the order entered in the Allegheny County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this appeal are as follows. In August 2012, Appellant went to trial. The Honorable Edward J. Borkowski served as the presiding judge. Following trial, a jury convicted Appellant of four counts each of robbery, unlawful restraint, and reckless endangerment of another person, and one count of burglary. On November 15, 2012, the court sentenced Appellant to an aggregate term of fifty (50) to one hundred (100) years' imprisonment. This Court affirmed the judgment of sentence on March

_____

[1] 42 Pa.C.S.A. §§ 9541–9546.

16, 2015, and Appellant did not seek further review. *See Commonwealth v. Rivera*, 120 A.3d 1055 (Pa.Super. 2015) (unpublished memorandum).

On February 18, 2016, Appellant timely filed a *pro se* PCRA petition. Initially, the PCRA petition was assigned to Judge Borkowski. The court appointed counsel, who filed an amended PCRA petition on December 20, 2017. In it, Appellant raised various claims challenging the effectiveness of all prior counsel. On May 22, 2018, Judge Borkowski recused himself from the matter. On June 12, 2018, a new jurist reinstated Appellant's right to file a post-sentence motion *nunc pro tunc*. Appellant timely filed his post-sentence motion *nunc pro tunc* on June 22, 2018. The court denied Appellant's *nunc pro tunc* motion on November 15, 2018. This Court affirmed the judgment of sentence on February 23, 2021, and our Supreme Court denied further review on August 31, 2021. *See Commonwealth v. Rivera*, 249 A.3d 1177 (Pa.Super. 2021) (unpublished memorandum), *appeal denied*, ___ Pa. ___, 262 A.3d 456 (2021).

On November 29, 2022, Appellant timely filed the instant, counseled PCRA petition. In it, Appellant alleged that trial counsel, Paul Gettleman, was ineffective for failing "to properly advise [Appellant] regarding recusal of trial judge." (PCRA Petition, filed 11/29/22, at ¶9(c)). Appellant also argued that trial counsel's "failure to move for recusal of Judge Borkowski constituted ineffective assistance of counsel." (*Id.* at ¶69). The PCRA court held an evidentiary hearing on October 25, 2023. At that time, trial counsel testified

that he had a "very contentious" relationship with Judge Borkowski due to an incident that occurred when Judge Borkowski was a district attorney. (**See** N.T. PCRA Hearing, 10/25/23 at 9). Specifically, trial counsel "grabbed [Judge Borkowski] up by his throat" during a trial. (**Id.** at 10). After Judge Borkowski was elected to the Court of Common Pleas, he recused himself from all of trial counsel's cases.

Trial counsel also testified that Appellant approached him about representation after Appellant's trial had commenced, and another attorney had already assisted with the selection of eleven jurors. Significantly, trial counsel informed Appellant about the nature of his relationship with Judge Borkowski. (**See id.** at 9, 11). Trial counsel, however, did not file a recusal motion. Trial counsel explained, "[t]he impression I got is that I was being used as a ploy to get Judge Borkowski off [Appellant's] case[.]" (**Id.** at 11). Judge Borkowski also informed trial counsel that he would not recuse, but he would grant a continuance for trial counsel to make adequate preparations. (**Id.** at 12-13). At the conclusion of the hearing, the court denied PCRA relief.

Appellant filed a timely notice of appeal on November 21, 2023. That same day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant requested an extension on December 11, 2023, which the court granted. Appellant timely filed his Rule 1925(b) statement on December 19, 2023.

Appellant now raises one issue on appeal:

> The PCRA court erred in dismissing the petition and denying relief where [Attorney] Gettleman was ineffective for failing to request that Judge Borkowski recuse himself from presiding over the jury trial, thereby depriving [Appellant] of a fair trial in an impartial tribunal, where Attorney Gettleman and Judge Borkowski had a long-standing animosity towards one another, and all prior trials where Attorney Gettleman was counsel of record had been transferred out of Judge Borkowski's courtroom to a different judge.

(Appellant's Brief at 5).

On appeal, Appellant emphasizes trial counsel's disclosure that he had a contentious relationship with Judge Borkowski. Considering the prior physical altercation between trial counsel and the judge, Appellant maintains that trial counsel should have sought the judge's recusal. Appellant argues that trial counsel had no reasonable strategic basis for failing to file a recusal motion to protect Appellant's due process rights. Further, Appellant claims that "[b]ut for counsel's failure to act, the outcome would have been different, and [Appellant] was prejudiced because he proceeded to a jury trial and was sentenced by a judge that had a poor relationship with his defense attorney." (*Id.* at 19). Appellant concludes that trial counsel was ineffective for failing to file a recusal motion, and Appellant is entitled to a new trial on this basis. We disagree.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Beatty*, 207 A.3d 957, 960-61 (Pa.Super. 2019), *appeal denied*, 655 Pa. 482, 218

A.3d 850 (2019). "[W]e review the court's legal conclusions *de novo*." ***Commonwealth v. Prater***, 256 A.3d 1274, 1282 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 268 A.3d 386 (2021). "Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." ***Beatty, supra*** at 961 (internal citations and quotation marks omitted).

"Counsel is presumed to have rendered effective assistance." ***Commonwealth v. Hopkins***, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, 663 Pa. 418, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Commonwealth v. Chmiel***, 612 Pa. 333, 30 A.3d 1111 (2011).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit[.]" **Commonwealth v. Smith**, 167 A.3d 782, 788 (Pa.Super. 2017), *appeal denied*, 645 Pa. 175, 179 A.3d 6 (2018) (quoting **Commonwealth v. Pierce**, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994)). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." **Commonwealth v. Poplawski**, 852 A.2d 323, 327 (Pa.Super. 2004) (quoting **Commonwealth v. Geathers**, 847 A.2d 730, 733 (Pa.Super. 2004)).

"Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests." **Commonwealth v. Kelley**, 136 A.3d 1007, 1012 (Pa.Super. 2016) (quoting **Pierce, supra** at 524, 645 A.2d at 194-95).

> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

**Commonwealth v. King**, 259 A.3d 511, 520 (Pa.Super. 2021) (quoting **Sandusky, supra** at 1043-44).

"To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result

- 6 -

of the proceedings would have been different. [A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." ***Commonwealth v. Spotz***, 624 Pa. 4, 33-34, 84 A.3d 294, 312 (2014) (internal citations and quotation marks omitted). "[A] criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." ***Hopkins, supra*** at 876 (quoting ***Commonwealth v. Chambers***, 570 Pa. 3, 22, 807 A.2d 872, 883 (2002)).

"In general, a motion for recusal is properly directed to and decided by the jurist whose participation the moving party is challenging." ***Commonwealth v. Watson***, 228 A.3d 928, 939 (Pa.Super. 2020). "It is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness, which raises a substantial doubt as to the jurist's ability to preside impartially." ***Id.*** (quoting ***Commonwealth v. White***, 557 Pa. 408, 426, 734 A.2d 374, 383-84 (1999)).

> The inquiry is not whether a judge was in fact biased against the party moving for recusal, but whether, even if actual bias or prejudice is lacking, the conduct or statement of the court raises an appearance of impropriety. The rule is simply that disqualification of a judge is mandated whenever a significant minority of the lay community could reasonably question the court's impartiality.

***Id.*** (quoting ***Commonwealth v. Druce***, 796 A.2d 321, 327 (Pa.Super. 2002), *aff'd*, 577 Pa. 581, 848 A.2d 104 (2004)).

Instantly, the PCRA court evaluated Appellant's issue as follows:

This [c]ourt denied the instant PCRA petition because the record did not contain sufficient facts to convince this [c]ourt that a recusal motion would have been successful. At the PCRA hearing, the record established that [Appellant] was represented by Frank Walker, Esquire, during jury selection of this case. After Attorney Walker and [Appellant] had selected 11 jurors for trial, [Appellant] contacted Attorney Gettleman to replace Attorney Walker as his trial counsel. Attorney Gettleman testified at the PCRA hearing that he told [Appellant] about his prior relationship with Judge Borkowski. Though this is not on the trial record anywhere, Attorney Gettleman testified at the PCRA hearing that he informed Judge Borkowski that [Appellant] wanted to hire him. Judge Borkowski allegedly informed Attorney Gettleman that he (Judge Borkowski) believed [Appellant] wanted to hire Attorney Gettleman so Judge Borkowski would recuse and the trial would be moved out of his courtroom. Judge Borkowski informed Attorney Gettleman that he would not recuse in this case but he would grant a continuance to afford Attorney Gettleman the opportunity to prepare for trial.

\* \* \*

The record in this case does not establish that Judge Borkowski was partial, biased or had any appearance of impropriety in this case. The incident that prompted Attorney Gettleman's perception that he had a contentious relationship occurred at least 18 years before trial. There was no evidence in this record to find current friction in the relationship. Attorney Gettleman did not file a motion to recuse Judge Borkowski because he knew such a motion would not have been granted. As an initial matter, there is some basis in the record to believe that [Appellant's] decision to switch attorneys during jury selection just before trial was a tactic designed to have this case removed to a different courtroom. Once Judge Borkowski made it clear that this case would move forward in his courtroom, [Appellant] benefitted from a continuance that permitted Attorney Gettleman to prepare for trial. Most importantly, there is no evidence in this record that Judge Borkowski displayed any bias or prejudice against [Appellant] or Attorney Gettleman at all during trial.

(PCRA Court Opinion, filed 1/23/24, at 8-10).

Here, the PCRA court concluded that Appellant's ineffectiveness claim lacked arguable merit. (***See id.*** at 10). Based upon our review of the record, the evidence adduced at the PCRA hearing supports the court's conclusion. ***See Beatty, supra***. Attorney Gettleman specifically testified that "Judge Borkowski told me he was not removing himself from the case." (***See*** N.T. PCRA Hearing at 12). Against this backdrop, Attorney Gettleman cannot be deemed ineffective for refusing to pursue a meritless motion. ***See Poplawski, supra***. Accordingly, we affirm the order denying the PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>10/24/2024</u>