J-S21021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MALCOLM WILLIAM | : | |
| | : | |
| Appellant | : | No. 1965 EDA 2023 |

Appeal from the PCRA Order Entered June 30, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000733-2016

BEFORE: LAZARUS, P.J., NICHOLS, J., and MURRAY, J.

JUDGMENT ORDER BY NICHOLS, J.: **FILED NOVEMBER 6, 2024**

Appellant Malcolm William appeals from the order denying his second Post Conviction Relief Act[1] (PCRA) petition. For the reasons that follow, we affirm.

The underlying facts of this case are well known to the parties. ***See*** PCRA Ct. Op., 11/3/23, at 1-5. Briefly, Appellant filed his first PCRA petition in November of 2020. After the PCRA court denied Appellant's first petition, this Court affirmed. ***See Commonwealth v. William***, No. 586 EDA 2022 (Pa. Super. filed March 7, 2023). Appellant filed a petition for allowance of appeal with the Supreme Court of Pennsylvania on March 10, 2023. ***See Commonwealth v. William***, No. 51 EAL 2023 (Pa. filed May 14, 2024). On March 17, 2023, while Appellant's petition for allowance of appeal from the

_____

[1] 42 Pa.C.S. §§ 9541-9546.

denial of his first PCRA petition was still pending with our Supreme Court, Appellant filed the instant PCRA petition, his second. Ultimately, the PCRA court dismissed Appellant's second petition on June 30, 2023.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion explaining that it did not have jurisdiction to consider Appellant's second PCRA petition, as it was filed while his appeal from the denial of his first PCRA petition remained pending. *See* PCRA Ct. Op., 11/3/23, at 1-5.

On December 4, 2023, this Court entered a rule to show cause why this appeal should not be dismissed pursuant to ***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000) (holding that a petitioner is precluded from filing a subsequent PCRA petition until review of the pending PCRA petition is resolved "by the highest state court in which review is sought, or upon the expiration of the time for seeking such review"). Appellant did not file a response. On January 30, 2024, this Court discharged the show cause order to the merits panel for consideration.

On appeal, Appellant raises the following claim:

Did the PCRA court err in dismissing Appellant's subsequent PCRA petition without a hearing because the court does not have jurisdiction to hear a second or subsequent PCRA petition?

Appellant's Brief at 4.

- 2 -

Initially, we must address Appellant's appeal from the denial of his first PCRA petition, which was still pending when Appellant filed his second PCRA petition. *See Lark*, 746 A.2d at 588.

This Court has explained:

Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal. *Lark*, 746 A.2d at 588; *see also Commonwealth v. Montgomery*, 181 A.3d 359, 364 (Pa. Super. 2018) (*en banc*) (reaffirming that *Lark* precludes consideration of subsequent PCRA petition while appeal of prior PCRA petition is still pending). A petitioner must choose either to appeal from the order denying his prior PCRA petition or to file a new PCRA petition; the petitioner cannot do both, *i.e.*, file an appeal and also file a PCRA petition, because "prevailing law requires that the subsequent petition must give way to a pending appeal from the order denying a prior petition." *Commonwealth v. Zeigler*, 148 A.3d 849, 852 (Pa. Super. 2016). In other words, a petitioner who files an appeal from an order denying his prior PCRA petition must withdraw the appeal before he can pursue a subsequent PCRA petition. *Id.* If the petitioner pursues the pending appeal, then the PCRA court is required under *Lark* to dismiss any subsequent PCRA petitions filed while that appeal is pending.

Pennsylvania law also states unequivocally that no court has jurisdiction to place serial petitions in repose pending the outcome of an appeal in the same case. *Id.*; *see also Commonwealth v. Porter*, 35 A.3d 4, 12 (Pa. 2012) (stating that holding serial petitions in abeyance pending appeal in same case perverts PCRA timeliness requirements and invites unwarranted delay in resolving cases, as well as strategic litigation abuses).

*Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa. Super. 2019) (some formatting altered).

Here, there is no dispute that Appellant's appeal from the denial of his first PCRA petition remained pending with our Supreme Court at the time he

filed his second PCRA petition. Therefore, the PCRA court properly dismissed Appellant's second PCRA petition without a hearing. ***See Beatty***, 207 A.3d at 961 (explaining that where a petitioner pursues an appeal on a prior PCRA petition, "then the PCRA court is required under ***Lark*** to dismiss any subsequent PCRA petitions filed while that appeal is pending"). For these reasons, the PCRA court properly dismissed Appellant's second PCRA petition. Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/06/2024