J-S02024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRYL NEWMAN | : | |
| | : | |
| Appellant | : | No. 328 EDA 2024 |

Appeal from the PCRA Order Entered January 18, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000730-2012

BEFORE: LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.: **FILED APRIL 28, 2025**

Appellant, Darryl Newman, appeals from the January 18, 2024 order entered in the Philadelphia County Court of Common Pleas dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] After careful consideration, we affirm.

On February 27, 2014, a jury found Appellant guilty of Aggravated Assault and Possessing an Instrument of Crime. On May 28, 2014, the trial court imposed an aggregate sentence of 7 to 15 years of incarceration followed by 5 years of probation.

On June 25, 2014, Appellant filed a notice of appeal. On November 13, 2014, in response to the court's order to file a Pa.R.A.P. 1925(b) statement, Appellant's counsel, Todd Mosser, Esq., indicated that, after consultation with

_____

[1] 42 Pa.C.S §§ 9541-46.

Appellant, he intended to withdraw the direct appeal based upon the absence of viable claims and instead to pursue ineffective assistance of trial counsel claims under the PCRA.

This Court dismissed the appeal on May 19, 2015, for failure to file a brief. Thus, Appellant's judgment of sentence became final on June 18, 2015, following the expiration of time for filing for allowance of appeal to the Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a).

On April 5, 2016, Attorney Mosser filed a timely PCRA petition for Appellant, which the PCRA court denied on March 31, 2017. Relevantly, on May 9, 2018, the trial court issued a Pa.R.A.P. 1925(a) opinion, which Appellant claims was the first time he learned that Attorney Mosser failed to file a brief on direct appeal.

In 2019, this Court affirmed the denial of Appellant's first PCRA petition, and the Supreme Court denied review on November 14, 2019. ***Commonwealth v. Newman***, 217 A.3d 408 (Pa. Super. 2019) (unpublished memorandum), *allocator denied*, 219 A.3d 1107 (Pa. 2019).

On January 6, 2020, Appellant filed *pro se* the instant PCRA petition.[2] As Appellant's judgment of sentence became final on June 18, 2015, this petition is facially untimely. Appellant, however, asserted that he met the

_____

[2] We recognize that Appellant "could not have filed the instant petition while his first PCRA petition was pending on appeal, from April 24, 2017, through November 14, 2019." ***Newman***, 2021 WL 4452918 at *5 n.10 (Pa. Super. Sept. 29, 2021) (citing ***Commonwealth v. Beatty***, 207 A.3d 957, 963 (Pa. Super. 2019)).

newly discovered fact exception to the PCRA's jurisdictional time-bar based on his May 2018 discovery that Attorney Mosser "chose to forego the direct appeal in favor of filing the PCRA petition without consulting [him]." *Newman*, 2021 WL 4452918 at *1 (Pa. Super. Sept. 29, 2021). Appellant sought reinstatement of his direct appeal rights *nunc pro tunc*. On October 29, 2020, the PCRA court dismissed Appellant's petition as untimely without a hearing.

On September 29, 2021, this Court reversed the PCRA court's dismissal, concluding that "a question of fact" existed and remanded for an evidentiary hearing to determine when Appellant "learned that his direct appeal had been dismissed based on appellate counsel's failure to file a brief[,]" and "whether [Appellant] exercised due diligence[.]" *Id.* at *5.

On July 24, 2023, the PCRA court held a hearing at which Attorney Mosser "reiterated that it was Appellant's decision whether to proceed with the PCRA petition instead of a direct appeal." PCRA Ct. Op., 6/12/24, at 3. Appellant, in contrast, "claimed that he never had a conversation with [Attorney] Mosser about withdrawing his direct appeal[.]" *Id.* at 4. On January 18, 2024, the PCRA court dismissed Appellant's petition as untimely, "finding Appellant's version of the case's history incredible." *Id.* at 5.

On the same day that the court dismissed his petition, Appellant filed a notice of appeal. On June 12, 2024, the PCRA court issued an opinion without requesting a Pa.R.A.P. 1925(b) statement from Appellant.

Appellant raises the following questions on appeal:

> (1) Did the PCRA Court (Judge DiClaudio) err by dismissing [Appellant's] PCRA Petition for failing to prove a "new fact" exception to the PCRA's time[-]bar?
>
> (2) Did the PCRA Court (Judge DiClaudio) err by not issuing an Order directing undersigned counsel to file a [Rule 1925(b)] Statement of Errors?
>
> (3) Did Judge DiClaudio err by dismissing [Appellant's] PCRA Petition alleging that Mr. Mosser was legally ineffective in his representation of [Appellant] by falsely assuring him that he was perfecting a direct appeal, by failing to file briefs without [Appellant's] knowledge or consent, and by filing a PCRA petition in place of the direct appeal without [Appellant's] knowledge or consent.

Appellant's Br. at 9 (reordered).

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings of fact and "whether its conclusions of law are free from legal error." *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020). While this Court defers to the PCRA court's factual findings and credibility determinations if supported by the record, we review its legal conclusions *de novo*. *See id.* "The scope of our review is limited to the findings of the PCRA court and the evidence of record," which we view in a light most favorable to the prevailing party. *Id.*

It is well-established that neither this Court nor the PCRA court have jurisdiction to address an untimely PCRA petition. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final unless he pleads and proves

- 4 -

one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012).

Relevantly, the newly discovered fact exception requires a petitioner to prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii). The PCRA mandates that a petitioner pleading a timeliness exception must file the petition "within one year of the date the claim could have been presented." ***Id.*** at § 9545(b)(2).

It is well-established that a petitioner is "entitled to the effective assistance of counsel" in pursuing relief under the PCRA. ***Commonwealth v. Laird***, 331 A.3d 579, 595 (Pa. 2025) (citation omitted). Moreover, a PCRA petitioner may "raise claims of ineffective assistance of counsel at the first opportunity to do so, even when on appeal." ***Commonwealth v. Bradley***, 261 A.3d 381, 401 (Pa. 2021)). Our Supreme Court, however, recently clarified that a petitioner may not "file an **untimely** successive PCRA petition challenging initial PCRA counsel's ineffectiveness because it was his 'first opportunity to do so.'" ***Laird***, 331 A.3d at 597 (citation omitted, emphasis added). Rather, claims of ineffectiveness, like all other claims, must either be filed timely or satisfy a statutory timeliness exception. ***Id.*** at 599.

As stated, Appellant relies upon the newly discovered fact exception, claiming that he did not become aware of Attorney Mosser's failure to file a direct appeal until May 2018. Appellant's Br. at 15-19. We reject Appellant's claim based upon the PCRA court's determination that Appellant's assertions

were not credible. PCRA Ct. Op. at 5. Instead, the court, *inter alia*, observed that Appellant's November 2014 filing indicated that Appellant intended "to withdraw his direct appeal and instead pursue PCRA relief." PCRA Ct. Op. at 8. As we defer to the PCRA court's credibility determinations, which are supported by the record, we affirm the court's conclusion that the newly discovered fact exception does not apply as Appellant was aware of the decision not to pursue a direct appeal in November 2014, before he filed his first PCRA petition.

Accordingly, we affirm the PCRA court's order dismissing Appellant's second PCRA as untimely.[3]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/28/2025

---

[3] Based on our disposition, we do not address Appellant's remaining issues.