J-S11026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL WAYNE WELDER, JR. | : | |
| | : | |
| Appellant | : | No. 1159 WDA 2024 |

Appeal from the PCRA Order Entered August 20, 2024
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000076-2022

BEFORE: MURRAY, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.: **FILED: June 30, 2025**

Appellant, Michael Wayne Welder, Jr., appeals from the order entered in the Clearfield County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts of this appeal are as follows. Richard Smith worked as a driver for a trucking company. On the afternoon of January 18, 2022, Mr. Smith was driving a dump truck southbound on Route 53 through Houtzdale. While Mr. Smith negotiated a sharp curve, a Chevrolet pickup truck passed and cut off Mr. Smith's vehicle. The pickup truck, which was driven by Appellant, came to an abrupt stop in front of Mr. Smith's vehicle. This maneuver forced Mr. Smith to stop his vehicle in the middle of the road.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

Appellant then exited his truck, brandished a pocketknife, and threatened to kill Mr. Smith. In response, Mr. Smith called the police. Police subsequently arrived at the scene, investigated the matter, and arrested Appellant.

Following trial, a jury convicted Appellant of three (3) counts of disorderly conduct and one (1) count each of terroristic threats, simple assault, and harassment. On September 27, 2022, the court sentenced Appellant to an aggregate term of eighteen (18) months to three (3) years' imprisonment. Appellant did not file post-sentence motions or a notice of appeal.

On May 23, 2023, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended PCRA petition on February 16, 2024. In it, Appellant claimed that trial counsel was ineffective for failing to prepare for trial and failing to communicate with Appellant throughout the pretrial process. (**See** Amended PCRA Petition, filed 2/16/24, at ¶12). The court conducted an evidentiary hearing on April 16, 2024. At that time, the court received testimony from Appellant and trial counsel. By opinion and order entered August 20, 2024, the court denied PCRA relief.

On September 18, 2024, Appellant timely filed a notice of appeal. That same day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on October 8, 2024.

Appellant now raises two issues for this Court's review:

>Whether the PCRA court erred in dismissing [Appellant's] PCRA petition alleging ineffective assistance of counsel when the evidence indicated that trial counsel failed to adequately communicate with [Appellant] in pretrial proceedings?
>
>Whether the PCRA court erred in dismissing [Appellant's] PCRA petition alleging ineffective assistance of counsel when the evidence indicated that trial counsel failed to adequately prepare for trial.

(Appellant's Brief at 7).

Appellant's issues are related, and we address them together. Appellant contends that "he only spent minutes" with trial counsel discussing his case at a pretrial conference and during jury selection. (*Id.* at 13). Appellant also maintains that he wrote several letters to trial counsel, which included requests to file certain pretrial motions. Appellant complains that trial counsel ignored these letters, and Appellant's desired pretrial motions went unfiled. Relying on trial counsel's testimony from the PCRA hearing, Appellant claims that the public defender's office would have placed these letters into his case file for counsel's review. Appellant asserts that "proper preparations for a trial would include review of the case file and any information that was offered by the defendant." (*Id.* at 14). Further, Appellant asserts that trial counsel did not have any reasonable basis for: 1) failing to communicate more frequently prior to trial; or 2) ignoring the demands in Appellant's letters. Appellant also argues that he suffered prejudice due to trial counsel's inaction. Appellant concludes that trial counsel was ineffective, and the PCRA should have granted relief on this basis. We disagree.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Beatty*, 207 A.3d 957, 960-61 (Pa.Super. 2019), *appeal denied*, 655 Pa. 482, 218 A.3d 850 (2019). "[W]e review the court's legal conclusions *de novo*." *Commonwealth v. Prater*, 256 A.3d 1274, 1282 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 268 A.3d 386 (2021).

> Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts.

*Beatty, supra* at 961 (internal citations and quotation marks omitted).

"Counsel is presumed to have rendered effective assistance." *Commonwealth v. Hopkins*, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, 663 Pa. 418, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and

quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Commonwealth v. Chmiel***, 612 Pa. 333, 30 A.3d 1111 (2011).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit." ***Commonwealth v. Smith***, 167 A.3d 782, 788 (Pa.Super. 2017), *appeal denied*, 645 Pa. 175, 179 A.3d 6 (2018) (quoting ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994)). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004) (quoting ***Commonwealth v. Geathers***, 847 A.2d 730, 733 (Pa.Super. 2004)).

"Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests." ***Commonwealth v. Kelley***, 136 A.3d 1007, 1012 (Pa.Super. 2016) (quoting ***Pierce, supra*** at 524, 645 A.2d at 194-95).

> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

***Commonwealth v. King***, 259 A.3d 511, 520 (Pa.Super. 2021) (quoting

*Sandusky, supra* at 1043-44).

"To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." *Commonwealth v. Spotz*, 624 Pa. 4, 33-34, 84 A.3d 294, 312 (2014) (internal citations and quotation marks omitted). "[A] criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Hopkins, supra* at 876 (quoting *Commonwealth v. Chambers*, 570 Pa. 3, 22, 807 A.2d 872, 883 (2002)).

Regarding counsel's preparation for trial:

> Counsel has a general duty to undertake reasonable investigations or make reasonable decisions that render particular investigations unnecessary. Counsel's unreasonable failure to prepare for trial is an abdication of the minimum performance required of defense counsel. The duty to investigate, of course, may include a duty to interview certain potential witnesses; and a prejudicial failure to fulfill this duty, unless pursuant to a reasonable strategic decision, may lead to a finding of ineffective assistance.

*Commonwealth v. Johnson*, 600 Pa. 329, 350-51, 966 A.2d 523, 535-36 (2009) (internal citations and quotation marks omitted).

Instantly, trial counsel testified that she spoke with Appellant at criminal call and at the pretrial conference. (*See* N.T. Hearing, 4/16/24, at 15). At criminal call, trial counsel discussed the option of entering a guilty plea.

Appellant advised counsel "that he wasn't going to take a plea; that he was going to trial." (*Id.*). Appellant also provided trial counsel with "his version of what had happened." (*Id.*) At the pretrial conference, Appellant again provided his rendition of the underlying facts. Trial counsel noted that "it was fairly consistent the first and second time. And I had … no reason to question what his story was." (*Id.*) On the night before trial, counsel also met with Appellant at the county jail "and spoke to him in regards to what his—any questions that he had, because I already had a story; and we went from there." (*Id.* at 16). Trial counsel asked Appellant "if he had any more questions, if he needed to meet with me any longer; and when we were done, we were concluded." (*Id.* at 17).

Additionally, trial counsel utilized Appellant's girlfriend as a resource for trial preparations:

> [Before the start of trial], I had been conversing with his girlfriend at that time. I don't recall her name. I don't know. She had … gone back to the scene, had taken pictures. I had actually done a scene review of where this was at. I believe it was Houtzdale area, going back in.

(*Id.* at 15-16). Trial counsel also described how Appellant's girlfriend acted as a go-between for Appellant and counsel:

> I spoke with her quite a bit. She had my cell phone number. She would contact me. I know [Appellant] was in contact with her. If he had a question, she would relay it to me. I met up with her to get the photos and what have you….

(*Id.* at 22).

Regarding the need for pretrial motions, trial counsel's review of the issues led her to conclude that such filings were unnecessary:

> In essence, this was a he said/he said case. So it was pretty clear that it would be [Appellant's] word against the alleged victim. So I didn't see any issues that needed to be raised.

(*Id.* at 17). Although trial counsel could not recall whether she read any letters from Appellant, she noted that Appellant had the opportunity to ask her any questions during their meetings. (*See id.*)

In answering a question regarding the need for trial exhibits, counsel provided further insight into her strategy:

> In essence, what we had is whenever the alleged victim got onto the stand, he never—so we had terroristic threats and we had simple assault. So he never specifically said that he was terrorized; that the actions of [Appellant] rose to the level that would be part of an element for the terroristic threats.
>
> As far as the simple assault, again, he didn't say he was in fear of being injured by any physical menace that [Appellant] was displaying. So, at that point in time, it was why bring up something to where we might elicit more testimony that we don't need. At that point in time, … I didn't believe the elements were met by the Commonwealth.

(*Id.* at 18).

The PCRA court found this testimony credible. (*See* PCRA Court Opinion, filed 8/20/24, at 3). Considering trial counsel's credible testimony, the court concluded that Appellant failed to satisfy the three-part test for ineffectiveness. (*Id.* at 4). Based upon our review of the record, the evidence adduced at the PCRA hearing supported the court's conclusion. *See Beatty,*

*supra*. We emphasize that trial counsel's testimony demonstrated that she fulfilled her duty to undertake reasonable actions in preparation for trial. ***See Johnson, supra***. Accordingly, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/30/2025